## CAMPBELL vs. THE STATE.

1. A judgment upon an indictment for a nuisance, "that the nuisance be abated forthwith, at the costs of the defendant, and the sheriff is charged with the execution of this order," is in effect a command to the sheriff to abate the nuisance, and to that extent erroneous; but will be amended in the appellate court, so as to command the defendant to abate the same, if it has not been already done.

Error to the Criminal Court of Mobile. Before the Hon. John E. Jones, Judge.

THIS was an indictment against plaintiff in error for a nuisance in erecting and continuing a number of large posts in the Mobile river, so as to obstruct the navigation thereof. A verdict of guilty was returned by the jury, and thereupon a judgment was rendered, which is sufficiently set out in the opinion of the court for a full understanding of the question involved. The judgment of the court is now assigned as error.

G. N. STEWART, for plaintiff:

1. The error relied on is, that the court gave judgment that the sheriff should *abate the nuisance* charged in the indictment,

Campbell v. The State.

and in the indictment it is not specified particularly where the nuisance was—it is described only in general terms. The indictment is in conformity with the usual forms, and the court does not by its sentence or judgment direct the sheriff to abate. The party is bound to abate the nuisance himself at his peril, and if he do not, he may be indicted again till it is done. Russell on Crimes says, (top page 309, side page 335,) " the object of the indictment is to remove the obstruction. The judgment is a fine, and an order on the defendant at his own costs to remove the nuisance" and cites, 2 Strange, 686; 1 Hawk. Pl. of Crown c. 75, § 15.

2. It is further laid down that to warrant a judgment to abate the nuisance, it must be avered to be continuing. Same page in Russell. And that if the court is satisfied that the nuisance is effectually abated before judgment is prayed on the indictment, judgment to abate will not be given. Also it is said if the nuisance is for any erection which is carried too far, as a house built too high, the judgment or order on defendant to abate is only for the excess.

3. The rule of law must be general, it may often be a case where a mere omission to do the offensive act is required. How could the sheriff reach that. See 2 Strange, 684, 688. It would be a troublesome practice to adopt a different rule for each special case, the practice would be confused. 1 Haw. Pl. of Crown, 695, § 15. The judgment is that the offender be commanded to abate. The forms of those indictments do not undertake specially to describe the nuisance, so that judgment cannot be given that the sheriff abate. 3 Chitty's Crim. Law, 635–638. Even a second civil action may be brought for continuing a nuisance. 1 Lord Raymond, 370.

ATTORNEY GENERAL, contra:

1. The principle laid down in Viner's Abr. seems to favor the judgment of the court, to wit: "If a nuisance had been levied in the time of the defendant, it *shall be ousted by the sheriff by judgment of the court.*" Viner's Abr. 16, p. 46.

2. Any one may abate a nuisance. 1 Russ. 272, top page, and it could make no difference to the defendant below, who performed that task, so far as defendant was concerned, it was all the same to him, whether done by the sheriff or any one

15

else.. And so the court ordering the ·sheriff to abate it, work-ed no injury to· defendant, even if the court had no authority to make that order, for a judgment will not be reversed for an error that works no injury to the party against whom it is commitred. Lindsay & Adkinson v. State, 15 Ala..

3. The *removal* of the nuisance is the *main object* of the indictment, and the court will adapt the judgment to the nature of the case. 1 Russ. 273, top page.

4. So much, supposing that it is the judgment of the court that the sheriff shall abate the nuisance. It may be doubted whether or not that is the judgment of the court. The words in the judgment entry that "*the sheriff be charged with the execution of this order*". does not *command* the· sheriff to. abate it, and really forms no part of the judgment.

COLLIER, C. J.—The indictment charges that the nui-sance for the erection of which the defendant was convicted is continuing, and the only question raised is, whether the judgment prescribing the manner of its abatement is legal. After the recovery of the fine assessed by. the verdict, the judgment proceeds thus, "and it is further ordered by the court, that the nuisance be abated forthwith at the costs of the defen-dant, and the sheriff is charged with the execution of this or-der." This is certainly a judicial sentence, and in effect, is precisely the same as if the sheriff had been commanded *in totidem verbis* to abate the nuisance, and the defendant been .charged with the cost of abatement.

All common nuisances are punishable by fine and impris-onment, and as its removal is usually the chief. end of the indictment where it is stated to be continuing, and does in fact exist at the time of the judgment, the defendant may be commanded by the judgment to remove it at his own costs. Only so much of the thing, as· causes the nuisance ought to be removed. In Rex v. Stead, 8 T. Rep. 142, Lord Kenyon said, "when a defendant is indicted for an existing nuisance, it is usual to state the nuisance and its continuance down to the time of taking the inquisition; it was so stated in Rex v. Pap-pineau, *et ad hunc existit*, and in such cases, the judgment should be that the nuisance be abated. But in this case it does not appear in the indictment that the nuisance was then in exis-

tence, and it would be absurd to give judgment to abate a supposed nuisance which does not exist. If, however, the nuisance still continue, the defendant may be again indicted for continuing it." See also Rex v. The Justices of Yorkshire, 7 T. Rep. 468; 1 Russ. on Crimes, 305–306. If the court are satisfied that the nuisance for which the defendant is indicted is effectually abated before judgment is prayed upon the indictment, it will not in its discretion give judgment to abate it. 3 Chit. Crim. Law 3d Am. edit. 607 (a) note; 7 Bacon's Abr. 234, (Bouv. edit.) In Barnet v. Ihrie, 1 Rawle Rep. 44, it was supposed that a *distringas* was the proper writ to compel the defendant himself to abate the nuisance. If the nuisance for which the party was convicted still continues, the continuance will form a distinct offence, for which he may be again indicted. The People v. Comstock, 8 Wend. Rep. 549; The King v. Reynells, 6 East. Rep. 315; 1 Chit. Criminal Law, 657, 3d Am. edit. If the citations we have noted, correctly indicate the form of the judgment upon a verdict of guilty for a continuing public nuisance, there can be no question that so much of the judgment as orders the abatement of the nuisance in the present case at the defendants costs, is irregular and unauthorised. Whether injury has or could result from this departure from the law, we have no means of determining, and in a criminal prosecution we incline to think that it would not be proper to institute such an inquiry. In such cases we should suppose the accused has the right to insist upon a compliance with the law, and cannot be compelled to acquiesce in an illegal judgment because it is not more prejudicial to him than it would have been if it had been regular.

There is certainly much force in the arguments of the counsel for the plaintiff in error, that the sheriff cannot know what part of the erection complained of, is a nuisance, or whether so much of it has not been removed by the defendant himself as is indictable. To this we may add that the defendant has the right to select the mode of abatement and the persons by whom it shall be executed with a view to economy, and thus save as far as may be, the costs incident to such a service by an executive officer of the law.

We have no discretion which authorises us to sustain the

judgment of the Criminal Court. It is therefore reversed as respects the order to the sheriff to abate the nuisance, and will be here rendered commanding the defendant to abate the same, if it has not already been done.