SUPREME COURT. Monroe General Term, December, 1864.
*Wells, E. D. Smith* and *J. C. Smith*, Justices.

## THE PEOPLE *v.* THE BRANCHPORT AND PENN YAN PLANK ROAD COMPANY.

The object of a prosecution, by indictment, for nuisance to highways, is not the punishment of the defendant, but the repair of the highway, when it is out of repair, or the removal of the nuisance when the highway is obstructed.

An indictment for nuisance, against a plank road company, contained the allegation that the defendants' road was, and had been, and at, and until the finding of the indictment, still was out of repair, to the damage and common nuisance of the citizens of the State, so that they cannot go and pass over the same without great trouble, annoyance and inconvenience. *Held,* that to authorize a conviction, it was necessary to show, not only that the road had been out of repair, but that it continued so to be, down to the time of the finding of the indictment.

Form of an indictment for nuisance, in permitting a plank road to be out of repair, with counts under the statute and at common law.

THE defendant was indicted in the Court of Sessions of Yates county, for a nuisance, as follows:

*State of New York, Yates County, ss:*

The jurors of the People of the State of New York, and for the body of the county of Yates aforesaid, upon their oath, do present, that on the first day of January, in the year of our Lord one thousand eight hundred and sixty-three, there was, and from thence hitherto there hath been, a certain plank road, leading from near the village of Branchport, in the town of Jerusalem, in the county of Yates, to the village of Penn Yan, in the town of Milo, in the said county of Yates; commencing in the highway running easterly and westerly through the village of Branchport aforesaid, at or near a sluice-way in said highway, about twenty rods easterly of a point in said highway, near said village of Branchport, where the inlet of the Crooked Lake crosses the same highway, and passing the dwelling house of John N. Rose, in said town of Jerusalem, and passing through the village of Kinney's Corners, in said town, to the village of Penn Yan

aforesaid, for all the good and worthy citizens of the State of New York to go, return, pass and repass, ride and labor, over and upon, with their horses, coaches, carts and carriages, paying lawful tolls therefor, whenever lawfully demanded, before that time built and constructed by the Branchport and Penn Yan Plank Road Company, an incorporation, duly incorporated under and pursuant to the statute entitled, "An act to provide for the incorporation of companies to construct plank roads, and of companies to construct turnpike roads," passed May seventh, one thousand eight hundred and forty-seven, and the several acts amendatory of the same, and then, and at all times since, in the possession, ownership and control of the said incorporation; which said incorporation, then, and at all times since, have enjoyed and do yet enjoy, the right and franchise of erecting toll-gates thereon, and at all times, when not lawfully restrained therefrom, pursuant to law, of demanding and receiving tolls, of and from all good and worthy citizens of the State of New York, going, returning, passing and repassing, riding and laboring, with their horses, coaches, carts and carriages, in and along the same, and which the said Branchport and Penn Yan Plank Road Company, then, and at all times since, have kept and maintained such toll-gates thereon, and when not lawfully restrained therefrom, demanded and received such tolls thereat; and on the day and year aforesaid, and at all times from thence until the day of taking of this inquisition, ought to have repaired and amended, and still of right ought to repair and amend their said plank road, when, where, and as often as it should or might be necessary to amend and repair the same, and then, and at all times since, were under obligations to make, secure, and maintain a smooth and permanent road, the track of which should be composed of timber, plank, or other hard material, or broken stone, gravel, shells, or other hard material, so that the same should form a hard and even surface, whereby they should keep a good and substantial road.

And the jurors aforesaid, upon their oath aforesaid, do further present, that on the twenty-eighth day of February, in

the year of our Lord one thousand eight hundred and sixty-three, one Ambrose F. Stark, late of the town of Jerusalem, in the said county of Yates, did, at the said town of Jerusa-. lem, present to Daniel Lanning, John C. Fitzwater and Erastus Cole, inspectors of plank road and of turnpike road for the said county of Yates, duly appointed, sworn and authorized to act as such, a complaint in writing, that the plank road aforesaid was then out of repair, signed by the said Ambrose F. Stark, which said complaint in writing is in manner and form as follows, that is to say :

" To Daniel Lanning, John C. Fitzwater and Erastus Cole, inspectors of plank road in the county of Yates and State of New York, that I, the subscriber, residing in the village of Branchport, in the county of Yates, do hereby complain that the Branchport and Penn Yan Plank Road, in the county of Yates, leading from Penn Yan to Branchport, is greatly out of repair, is in a rough and almost impassable condition, so much so that no tolls ought to be collected thereon, and the gates ought to be opened and kept open until said road is put in condition required by law for the collection of tolls.

" A. F. STARK.

"Dated Branchport, Feb. 28, 1863."

That thereupon the said Daniel Lanning, John C. Fitzwater and Erastus Cole, as such inspectors as aforesaid, did then and there, on the day and in the year and at the place last afore-said, without delay, view and examine the said plank road so complained of, and did thereupon find the said claim and complaint to be just ; and did thereupon, upon due examination by them had, without delay, discover and determine that the said plank road was then out of repair, and as such inspectors as aforesaid, did, pursuant to such discovery and determination, thereafter, that is to say : on the fourth day of March, in the year one thousand eight hundred and sixty-three, at the town of Jerusalem, in the said county of Yates, give notice in writing, signed by the said Daniel Lanning and Erastus Cole, two of the said inspectors, bearing date on the day and year last aforesaid, to one of the directors of the said the Branch-

port and Penn Yan Plank Road Company, which said notice is in manner and form following, that is to say :

*To the Directors of the Branchport and Penn Yan Plank Road Company :*

Messrs. — You will please take notice that complaint in writing has been made to us that the above road is out of repair, and is not in accordance with the statute, and we have this day viewed and examined the whole of said road and find said complaint to be just, and that said road is out of repair more or less over its entire length, and have ordered all the gates upon said road to be thrown open, on and after the 7th day of March, 1863, and no tolls to be collected thereupon until said road is put in proper condition and said gates are properly closed by due course of law. We cannot specify all the places which are not in accordance with the statute, for want of time ; we therefore use general terms. You are hereby required to put the said road in proper repair, according to the act in relation to plank roads, passed April 14, 1855, within twenty days from the date hereof.

Given under our hand, at Jerusalem, this 4th day of March, 1863.

DANIEL LANNING,
ERASTUS COLE.
*Inspectors of plank roads for Yates county.*

By personal service of the said notice upon such one of the directors of the said the Branchport and Penn Yan Plank Road Company, whereby the said inspectors did require the said plank road aforesaid, of the said incorporation, in the said notice specified, to be repaired as therein specified, and within the time therein above stated, by the said Branchport and Penn Yan Plank Road Company. Yet the said the Branchport and Penn Yan Plank Road Company, on the said fourth day of March, in the year one thousand eight hundred and sixty-three, and at all times within the twenty days then next succeeding, and at all times since up to the day of the taking this inquisition, to wit, at the said town of Jerusalem, in the

said county of Yates, have utterly and unlawfully neglected to obey the requisitions of the said notice, requirement and order, to repair their said plank road so complained of, determined to be out of repair, and required to be repaired as aforesaid, and on the fourth day of March aforesaid, and at all times since up to the day of taking this inquisition, the said plank road being about seven miles in length, and about thirty-five feet wide, was and has been, and still is, very ruinous, broken, soft, uneven, rough, rutty, full of broken planks and scantling, presenting a soft and uneven surface of earth and loam, and inconvenient to travel upon, and in great decay for the want of due and necessary amendment and reparation of the same, so that divers good and worthy citizens of the State of New York, in and along the same, with their horses, coaches, carts and carriages (paying lawful tolls therefor whenever lawfully demanded), could not, during the time aforesaid, nor yet can go, return, pass and repass, ride and labor, without great danger of their lives and loss of their goods, and great trouble, annoyance and inconvenience, to the great damage and common nuisance of all the good and worthy citizens of the State of New York, on and over the said plank road, going, returning, passing, riding and laboring, contrary to the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present, that on the sixth day of June, in the year of our Lord one thousand eight hundred and sixty-three, at the town of Jerusalem, in the said county of Yates, one John Laird and divers other good and worthy citizens of the State of New York, residing in the said county of Yates, did, at the town of Milo, in the said county of Yates, present to Erastus Cole and Daniel Lanning, two of the inspectors of plank roads and of turnpike roads in and for the said county of Yates, duly appointed, sworn and authorized to act as such, a complaint in writing, that the plank road aforesaid was then out of repair, signed by the said John Laird and the said divers other good and worthy citizens of the State of New York, which said

complaint in writing is in manner and form following, that is to say:

*To Daniel Lanning and Erastus Cole, inspectors of plank roads in the county of Yates:*

Dear Sirs — The undersigned, citizens of the town of Jerusalem, hereby complain of the Branchport and Penn Yan Plank Road Company, that their road is rough and uneven, and not in such condition as to legally entitle them to collect tolls on said road, and ask you to examine said road and order the opening of the gates until the road is repaired.

| B. SHEARMAN, | JOHN LAIRD, |
|---|---|
| P. PARKER, | MELI TODD, |

CHARLES H. VAIL.

Dated, Jerusalem, June 6, 1863.

That thereupon the said Daniel Lanning and Erastus Cole, as such inspectors as aforesaid, did then and there, on the day, and in the year, and at the place last aforesaid, without delay, view and examine the said plank road so complained of, and did thereupon find the said claim and complaint to be just, and did thereupon, upon due examination by them, had without delay, discover and determine that the said plank road was then out of repair, and, as such inspectors as aforesaid, did, pursuant to such discovery and determination thereafter, that is to say: on the ninth day of June, in the year one thousand eight hundred and sixty-three, at the town of Jerusalem, in the said county of Yates, give notice in writing, signed by said inspectors, bearing date on the day and year last aforesaid, to one of the directors of the said the Branchport and Penn Yan Plank Road Company, which said notice is in manner and form following, that is to say:

*To Miles B. Andruss, one of the directors of the Branchport and Penn Yan Plank Road:*

Complaint having been made by Bradley Shearman, John Laird and others, to the undersigned, plank road inspectors of the county of Yates, that the Branchport and Penn Yan Plank Road is out of repair, and we, having examined the same, do

find that said road is out of repair more or less on the whole length of the road. You are therefore notified to repair the same, according to law, within three days from the date hereof, or we shall serve notice on you to open the gates on said road within three days, and let the same remain open, without taking toll on said road until the same shall be repaired according to law.

ERASTUS COLE,<br>DANIEL LANNING,<br><em>Inspectors.</em>

Dated 9th June, 1863.

By personal service of the said notice in writing upon the said Miles B. Andruss, one of the directors of the said the Branchport and Penn Yan Plank Road Company, whereby the said inspectors did require the said plank road aforesaid, of the said incorporation, in the said notice specified, to be repaired as therein specified, and within the time therein above stated, by the said the Branchport and Penn Yan Plank Road Company. Yet the said the Branchport and Penn Yan Plank Road Company, on the said ninth day of June, in the year one thousand eight hundred and sixty-three, and at all times within the three days then next succeeding, and at all times since up to the day of the taking of this inquisition, to wit, at the said town of Jerusalem, in the said county of Yates, have utterly and unlawfully neglected to obey the requisitions of the said notice, requirement, and order to repair their said plank road so complained of, determined to be out of repair, and required to be repaired as aforesaid; and on the ninth day of June aforesaid, and at all times since, up to the day of the taking this inquisition, the said plank road being about seven miles in length, and about thirty-five feet wide, was, and has been, and still is very ruinous, broken, soft, uneven, rough, rutty, full of broken planks and scantling, presenting a soft and uneven surface of earth and loam, and inconvenient to travel upon, and in great decay for the want of due and necessary amendment and reparation of the same, so that divers good and worthy citizens of the State of New York, in and along the same, with their horses, coaches, carts and carriages (paying lawful tolls therefor, whenever lawfully

demanded), could not during the time aforesaid, nor yet can go, return, pass and repass, ride and labor, without great danger of their lives and loss of their goods, and great trouble, annoyance and inconvenience, to the great damage 'and common nuisance of all the good and worthy citizens of the State of New York, on and over the said plank road going, returning, passing, riding and laboring, contrary to the form of the statute in such case made and provided, and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present, that on the first day of January, in the year of our Lord one thousand eight hundred and sixty-three, and from thence hitherto, there hath been a certain plank road leading from near the village of Branchport, in the town of Jerusalem, in the county of Yates, to the village of Penn Yan, in the town of Milo, in the said county of Yates, commencing in the highway running easterly and westerly through the village of Branchport aforesaid, at or near a sluice-way in said highway, about twenty rods easterly of a point in said highway, near said village of Branchport, where the inlet of the Crooked Lake crosses the same highway, and passing the dwelling house of John N. Rose, in said town of Jerusalem, and passing through the village of Kinney's Corners, in said town, to the village of Penn Yan aforesaid, for all the good and worthy citizens of the State of New York to go, return, pass and repass, ride and labor, with their horses, coaches, carts and carriages, paying lawful tolls therefor, before that time built and constructed by the Branchport and Penn Yan Plank Road Company, an incorporation duly and lawfully incorporated, and then and there being a lawful body corporate, and then and at all times since in the possession, ownership and control of the said incorporation, to wit, at the town of Jerusalem, in the said county of Yates, and at the said town of Milo, which said incorporation then and at all times since did enjoy, have enjoyed, and as yet do enjoy the lawful right and franchise of erecting toll gates thereon, and of demanding and receiving tolls of and from all the good

and worthy citizens of the State of New York, going, returning, passing, repassing, riding and laboring, with their horses, coaches, carts and carriages, in and along the same, and which said incorporation then and at all times since, have kept and maintained such toll-gates thereon, and demanded and received such tolls thereat whenever not therefrom lawfully restrained; and on the day and year aforesaid, and at all times from that time to the day of the taking of this inquisition, at the said town of Jerusalem, in the said county of Yates, ought to have repaired and amended, and still ought to repair and amend the said plank road, when, and as often as it should, or shall, or may be necessary, and that a certain part of the said plank road, lying and being in the said town of Jerusalem, in the said county of Yates, extending from the toll-house and gate near Uriah Hanford's dwelling house, in the said town of Jerusalem, to the western terminus of the said plank road, at or near the aforesaid sluice-way in the highway aforesaid, and about twenty rods easterly of the said point in said highway, where the said inlet of the Crooked Lake aforesaid crosses the same highway, being about six miles in length, and thirty feet in breadth, was, on the ninth day of June aforesaid, in the year one thousand eight hundred and sixty, there and from thence at all times since until the finding of this indictment, at the said town of Jerusalem, hath been and still is very ruinous, miry, deep, broken, and presenting a soft, rough and uneven surface, and in great decay for the want of due and necessary amendment and reparation of the same, so that divers good and worthy citizens of the State of New York, in and along the same plank road, with their horses, coaches, carts and carriages, paying lawful tolls therefor, whenever lawfully demanded, could not during the time and times aforesaid, nor yet can go, return, pass and repass, ride and labor, without great trouble and annoyance, and inconvenience, and great danger of their lives and loss of their goods, to the great damage and common nuisance of all the good and worthy citizens of the State of New York, over the said plank road, going, returning, passing and repassing, riding and laboring,

and against the peace of the People of the State of New York and their dignity.

And the jurors aforesaid, upon their oath aforesaid, do further present, that on the first day of January, in the year of our Lord one thousand eight hundred and sixty-three, and from thence until the day of the taking this inquisition, all that part of the said plank road of the said the Branchport and Penn Yan Plank Road Company, to wit, at the town of Milo, in the county of Yates, between the village of Penn Yan and the dividing line between the towns of Milo and Jerusalem aforesaid, where said dividing line crosses the said plank road, being about one mile in length and thirty feet in breadth, was, has been, and still is, very ruinous, miry, deep, broken, full of holes, presenting a soft and uneven surface, full of water, containing soft and rotten plank and timber, and in great decay for want of due and necessary amendment and reparation of the same, so that divers good and worthy citizens of the State of New York, in and along the same with their horses, coaches, carts and carriages, paying lawful tolls therefor, whenever lawfully demanded, could not, during the time aforesaid, nor yet can go, return, pass and repass, ride and labor, without great danger to their lives and loss of their goods, and great trouble, annoyance and inconvenience, to the great damage and common nuisance of all the good and worthy citizens of the State of New York, over the said plank road going, returning, passing and repassing, riding, and laboring, against the Peace of the People of the State of New York and their dignity; and that the said the Branchport and Penn Yan Plank Road Company may amend and repair their said plank road whenever, wherever, and as often as it shall be necessary.

JOHN D. WOLCOTT, *District Attorney.*

The defendant pleaded not guilty, and the issue was tried at the Court of Sessions, of Yates county, in November, 1863.

The evidence being closed, the court charged and instructed the jury as follows: That the defendant being a corporation,

and having undertaken to build and maintain a plank road, were bound to keep it substantially as required by the statute.

The following section was then read by the court to the jury:

"Every plank road made by virtue of this act, shall be laid out, at least four rods wide and shall be so constructed as to make secure, and maintain a smooth and permanent road; the track of which shall be of timber, plank, or other hard material, so that the same shall form a hard and even surface, and be so constructed as to permit carriages and vehicles conveniently and safely to pass·on and off where said road intersects other roads."

The court then read to the jury the 7th section of the act of 1855, Laws of 1855, 1045, as follows:

"Any plank road company or turnpike company within this State, which shall have once laid their road with plank may hereafter relay the same, or any part thereof, with broken stone, gravel, shell, or other hard material, whereby they keep a good and substantial road. Such company shall be entitled to collect and receive the same tolls as is provided by chapter 45 of the Laws of 1853."

The court then remarked that the last section read modified the first one; that if the defendant had changed the whole of their plank to broken stone or gravel, all that could be required of them was, that they should keep and maintain a good and substantial road as required by the last section last read. But in this case the question arises, inasmuch as a portion of the defendant's road is still laid with plank, and a part only relaid with broken stone and gravel, whether the defendant was not bound to keep and maintain a smooth and even surface in such part of their road as still remained laid with plank, or whether they were bound to keep only a good and substantial road, as required by the statute of 1855, read to them. That, as a matter of law, the court instruct the jury that the defendants were bound to keep the part of their road remaining laid with plank, so that the same should be substantially as required by the section of the statute first read; that it was

MONROE, DECEMBER, 1864. 15

The People *v.* The Branchport and Penn Yan Plank Road Comp. .y.

not sufficient for them to keep that part of their road a good and substantial road, as required by the section last read to them; they were bound to keep the part remaining laid with plank substantially as required by the statute first read in evidence, so as to keep a hard and even surface; that if from the evidence they should find that the defendant had failed to keep their road as required by the provisions of the statutes, as thus explained, or if they should find that the defendant suffered or permitted their road to remain out of repair for an unreasonable length of time, at any time within the time laid in the third and fourth counts of the indictment, they should find the defendant guilty under those counts.

The counsel for the defendant then requested the court to charge and instruct the jury that before they would be warranted in finding the defendant guilty under either the third or fourth counts in the indictment, they must find from the evidence that the defendant suffered and permitted some particular part of their road to be out of repair at some time within the time laid in the third and fourth counts in the indictment, and that such part so found by them to be out of repair, continued and remained out of repair down to the time of finding the indictment.

The court refused to charge and instruct the jury as requested by the counsel for the defendant, and further charged and instructed the jury: That it was not necessary for them to find that the defendant's road was out of repair at the time of finding the indictment, in order to warrant a conviction; that if they should find that the defendant suffered and permitted their road to be out of repair for an unreasonable length of time at any time within the time laid in the third and fourth counts in the indictment, although it may have been repaired before the finding of the indictment, they should find the defendant guilty; that if they should be satisfied that the defendant, at any time in the month of June, after the time laid in the indictment, suffered or permitted that part of their road, described in the third count, to be and remain out of repair for an unreasonable length of time,

although repaired by the defendant at the time of finding the indictment, yet they should find them guilty under the third count; and so.in respect to that portion of the road described in the fourth count.

The counsel for the defendant excepted to so much and such part of the charge as instructed the jury that the defendants were bound to keep that part of their road, which remained laid with plank, substantially as required by the first section of the statute read to them.

And the counsel for the defendant excepted to the refusal of the court to charge and instruct the jury as requested by the defendant's counsel.

The defendant also excepted to all that part of the charge of the court given after the request and refusal to charge.

The jury found the defendant guilty as charged in the third and fourth counts in the indictment, and not guilty as to the other counts.

The proceedings were removed to this court for review by *certiorari.*

*David B. Prosser,* for the defendant.

I. The court erred in charging the jury that the defendants were bound to keep that part of their road remaining laid with plank substantially as required by the statute read, and that it was not sufficient for them to keep that part of their road a good and substantial road, &c. Because,

1st. The act of 1855 expressly authorized the defendants to relay their road, or any part thereof, with broken stone, gravel, or other hard substance, so as to keep a good and substantial road, and changed the rate of tolls. It is supposed the plank would come within the term, "other hard substance," and the defendants might use plank, or any other hard substance, provided they keep a good and substantial road.

2d. If the road was a good and substantial one, the allegation in the indictment that the road was ruinous, &c., was negatived, and the defendants should have been acquitted. All that the defendants were required to meet, was the charges

in the indictment. Unless they were sustained by the evidence, the defendants should have been acquitted.

3d. The question presented by the indictment was, not whether the defendants had kept their road substantially as required by the statute, but the question was, whether the defendants' road was in a ruinous condition, as charged in the indictment. Under the charge of the court, the jury would have been warranted in finding the defendants guilty, although they may have been satisfied, from the evidence, that the defendants had kept a good and substantial road.

II. The court erred in refusing to charge as requested by the defendants' counsel, and in all that part of the charge given after the request. Because,

1st. The remedy by indictment for not repairing roads, is intended and given for the purpose of compelling repairs. (1 *Russ. on Cr.*, 307, 317, 336.) It follows that, if the object of the prosecution is to compel repairs — that if none are wanting at the time of presentment — the prosecution must fail.

2d. All the authorities agree that one of the essential averments in all indictments for not repairing is, that the road is out of repair; not that it was, or has been, but that it is, out of repair. (*Russ. on Cr.*, 366, 367; *Roscoe Cr. Ev.*, 571, 576; *Chit. Cr. Law*, 576–579; 1 *Strange R.*, 180–183; 2 *Saund. R.*, 158, *note* 3.)

3d. The charge in the indictment is, that, on the 6th day of June, 1863, and from thence until the finding of the indictment, the road had been, and still was, very ruinous, &c. The substance of this allegation should have been proven; yet the charge, in effect, instructs the jury that they might find the defendants guilty of the charge without proof.

The jury have found the defendants guilty, as charged in the third and fourth counts, thereby finding that the road was, on the 9th day of June, and until the finding of the indictment, in a ruinous condition, as alleged.

This they were justified in finding, under the charge, although they may have been fully satisfied, from the evidence, that, at

the time of finding the indictment, the road was in perfect order.

*John D. Wolcott* (District Attorney), for the People.

I. There was no error in the charge "that the defendants were bound to keep that part of the road, which remained laid with plank, substantially as required by the first section read to them." (*The People* v. *Kingston & Middletown Turnpike R. Co.*, 23 *Wend. R.*, 205, 211.)

The public had a right to require something more of the defendants than that the portion of the road remaining laid with plank should be merely a good and substantial road, as required by the last section read to the jury.

It might be both a good and substantial road, though the defendants' had contracted its width one-half, and might be so, though not so constructed as to make secure and maintain a smooth and permanent road, with a hard and even surface; and might also be a good and substantial road, though so constructed as not to permit carriages and vehicles conveniently and safely to pass on and off, where the road intersects other roads; but it would cease to be the road which the defendants were bound to furnish the public, and would be far less commodious. To constitute a nuisance, it is not necessary that the road should be unsafe or impassable. Any contracting or narrowing of a highway is a nuisance. (1 *Russ. on Cr.*, 350.)

Any obstruction left in the road, or omission to repair it, whereby it is less convenient for public use, falls within the same category. The public had a right to have that part of the road remaining laid with plank, continued substantially in the same manner, as to width and safety, which the charter required at its first construction, until the defendants should relay the same with broken stone, gravel, shell or other hard material, whereby they keep a good and substantial road.

If the court should not concur in the law of that part of the charge, it does not necessarily follow that it must set aside the verdict. The evidence did not make a case for laying down the law as to the manner in which the defendants were bound

to keep that part of the road which remained laid with plank; and an error of the court, concerning an abstract proposition, having nothing to do with the matter in hand, is not sufficient ground for reversing a judgment. (*Shorter* v. *People*, 2 *Comst. R.*, 202; *People* v. *Wiley*, 3 *Hill R.*, 194, 213, 214.)

The law concerning bill of exceptions is the same in criminal as in civil cases. (*The People* v. *Wiley*, 3 *Hill R.*, 194, 214.)

II. The request to charge does not state correct law. When a cause of forfeiture has once arisen, whether by non-feasance or otherwise, no case nor dictum can be found that it shall be legally atoned for by subsequent good behavior. The argument goes to prove that a corporation may practice all manner of abuse, by commission or omission, if it be careful to stop before the People can institute a prosecution. (*The People* v. *Hillsdale & Chatham Turnpike R. Co.*, 23 *Wend. R.*, 258.)

III. To sustain a general exception to a part of a charge, the whole part thus excepted to must be shown to be erroneous. I cannot see that any part of the charge, given after request and refusal to charge, contains error.

A bill of exceptions only raises questions of law. (15 *Wend. R.*, 581.)

*By the Court*, E. DARWIN SMITH, J. The defendants were convicted on the trial under the third and fourth counts of the indictment, and acquitted under other counts. The third and fourth counts were counts at common law, for a nuisance, in suffering their road to be out of repair. These counts both alleged that the defendant's road was, and had been, and still was, at and until the finding of said indictment, out of repair, to the damage and common nuisance of the citizens of the State, so that they cannot go, return and pass over the same, without great trouble, annoyance and inconvenience. On the trial the defendant's counsel requested the presiding judge to instruct and charge the jury that before they would be warranted in finding the defendant guilty under either the third or fourth count in the indictment, they must find from the evidence that the defendant suffered and permitted some par-

ticular part of their road to be out of repair at some time laid in the third and fourth counts in the indictment, and that such part so found to be out of repair, continued and remained out of repair down to the time of finding the indictment. The court refused to charge and instruct the jury as requested by the counsel, but, on the contrary, charged them that it was not necessary for them to find that the defendant's road was out of repair at the time of the finding of the indictment in order to warrant a conviction, and that if the defendant had suffered their road to be out of repair, although it may have been repaired before the finding of the indictment, they should find the defendants guilty. To the charge as made, and to the refusal to charge as requested, the defendant's counsel duly excepted. These exceptions, I think, both well taken. The request to charge was nothing more than a request to the court to require the People to sustain by proof the material allegations of the indictment, or allegations without which the indictment would have been clearly demurrable. The object of the prosecution by indictment for nuisance to highways, is not for the punishment of the defendant, but the repair of the highway, when it is out of repair, or the removal of the nuisance when the highway is obstructed. (3 *Chitty's Cr. L.,* 575; 1 *Russ. on Cr.,* 355.) The judgment in such cases is that the defendant pay a fine and abate the nuisance. (*Id.* ; *Bac. Abr., Nuisance,* 49, and *Term R.,* 142, 143.) In 1 *Russ. on Cr.,* 356, it is said: "In order to warrant a judgment for abating a nuisance, it must be stated in the indictment to be *continuing,* as otherwise such judgment would be absurd." It follows, if such allegation was essential to maintain the indictment, it was error in the court below to hold that it need not be proved when contained in the indictment. The exceptions to the refusal of the judge to charge as requested, and to his charge in distinct conflict with such request, were, therefore, well taken, and the conviction below must, for that reason, be reversed, and a new trial directed in the Court of Sessions of Yates county, and the case remitted for that purpose.