(165 App. Div. 711)

PEOPLE v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

1. NUISANCE (§ 65*)—BOARDS OF HEALTH—EFFECTS OF ORDINANCE.

A permit issued under the ordinances of the board of health of the city of Greater New York to "pasteurize" milk does not direct or authorize the making of unnecessary noises within or without defendant's plant in the early morning to the annoyance of dwellers nearby; the case not coming within the doctrine that specific acts sanctioned or directed by the Legislature do not constitute a nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 158–160, 170, 171; Dec. Dig. § 65.*]

2. NUISANCE (§ 59*)—PROSECUTION—"CRIMINAL INTENT."

Where acts constituting the alleged nuisance are so continuous and persistent as to indicate on the part of the defendant's employés a complete indifference to the rights of others, a "criminal intent," within the meaning of the law, is sufficiently established.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 135, 136; Dec. Dig. § 59.*

For other definitions, see Words and Phrases, First and Second Series, Criminal Intent.]

Appeal from Court of Special Sessions of City of New York.

Borden's Condensed Milk Company was convicted of having maintained a nuisance, and it appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I. R. Oeland, of Brooklyn, for appellant.

Ralph E. Hemstreet, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

CARR, J. The defendant-appellant, a corporation, was convicted in the Court of Special Sessions of the city of New York, in the borough of Brooklyn, of having committed the crime of maintaining a public nuisance in the borough of Brooklyn, at a specified place therein, on February 8, 1914, and for some considerable time prior thereto. This appeal is taken from the judgment of conviction. The Penal Law defines the crime of a public nuisance as follows:

"A 'public nuisance' is a crime against the order and economy of the state, and consists in unlawfully doing an act, or omitting to perform a duty, which act or omission: (1) Annoys, injures or endangers the comfort, repose, health or safety of any considerable number of persons," etc. Penal Law [Consol. Laws, c. 40] § 1530.

[1] The acts or omissions charged against the defendant in the information filed in this proceeding, if established by sufficient evidence, may well constitute the maintenance of a public nuisance at common law, and under the statute which, so far as I have quoted it, is but declaratory of the common law. The issue as to the facts at the trial was contested sharply, but this court does not feel required to interfere with the result reached by the triers of fact. The appellant, on this appeal, advances several purely legal arguments, which it contends require a reversal of the judgment of conviction. The defendant was engaged in the business of selling milk for domestic use. The board of health of the city of New York adopted several ordinances classifying the qualities of milk that might be offered for sale in the city of New York, and provided therein that certain specified grades of milk might not be offered for sale lawfully unless they had been "pasteurized." The defendant sold, in its general business, a grade of milk which was required to be "pasteurized," and the board of health gave to it a written permit to "pasteurize" its milk. The defendant claims that all the acts or omissions charged against it were merely incidental to the process of "pasteurization," and that therefore its acts or omissions had statutory sanction and cannot be considered as constituting a public nuisance in a legal sense. It may be granted at once that the ordinance of the board of health had the force of a statute, for the Greater New York Charter so provides. But this ordinance does not purport to prescribe nor to authorize any detail in the act of "pasteurization" such as was charged against the defendant in this proceeding. It does require "pasteurization" generally, but it is very far-fetched to think that this requirement authorized, much less directed, the making of unnecessary noises in the very early hours of morning, either within or without the defendant's plant, and to the great annoyance of the residents of the neighborhood. The doctrine invoked by the defendant is well understood, though not frequently applied in this state; but it has no application to the facts at bar. It applies generally where the Legislature sanctions or requires the doing, by public or quasi public officers for a public purpose, of a specific act, the doing of which without the di-

rection or sanction would in itself create a public nuisance, and even then it has its well-recognized limitations. Miller v. Mayor, etc., 109 U. S. 385, 3 Sup. Ct. 228, 27 L. Ed. 971; Huffmire v. City of Brooklyn, 162 N. Y. 584, 57 N. E. 176, 48 L. R. A. 421.

[2] The appellant urges further that the judgment was reached by ignoring the necessity of proving a criminal intent on the part of the defendant, and that therefore it was based upon a substantial error of law. What is meant by the phrase "criminal intent," within the scope of the definition of the crime of maintaining a public nuisance? It does not mean that one who is charged with the commission of that offense should be shown to have consciously and positively intended to interfere with the comfort and repose of "any considerable number of persons." His criminality is independent of any positive purpose of annoyance. It can arise as well from his very failure to think of anybody but himself, and, generally, public nuisances, whenever and wherever they exist, arise from just such self-concentration. The acts involved here were so continuous and persistent as to indicate on the part of the defendant's employés a complete indifference to the rights of others and, as to the crime now under consideration, to establish a "criminal intent" within the meaning of the law. In this feature, this appeal is, in its principle of decision, very much like that in People v. Friedman, 138 App. Div. 29, 122 N. Y. Supp. 500, affirmed 200 N. Y. 591, 94 N. E. 1096. We are referred to the opinion of the Chief Justice of the Court of Special Sessions as tending to indicate that the court below did not regard the question of "criminal intent" as within this present case, but we think that the language of that opinion, properly read, does not require such conclusion.

The judgment should be affirmed. All concur.