## PEOPLE v. HIGH GROUND DAIRY CO.

(Supreme Court, Appellate Division, Second Department.   February 5, 1915.)

1. NUISANCE (§ 59*) — PUBLIC NUISANCE — CRIMINAL RESPONSIBILITY — ELEMENTS OF OFFENSE—INTENT.

To justify a conviction for so conducting a lawful business as to create a public nuisance, defined by Penal Law (Consol. Laws, c. 40) § 1530, proof of criminal intent is unnecessary.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 135, 136; Dec. Dig. § 59.*]

2. NUISANCE (§ 91*)—PUBLIC NUISANCE—CRIMINAL PROSECUTIONS—INFORMATION—SUFFICIENCY.

An information charging the maintenance of a public nuisance, which alleges that on a designated past date and continuously thereafter until the day of the filing of the information accused "did annoy," etc., is sufficient to confer on the court jurisdiction to abate the nuisance, on the conviction of accused.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. §§ 206–211; Dec. Dig. § 91.*]

3. NUISANCE (§ 85*)—PUBLIC NUISANCE—ABATEMENT—JURISDICTION OF COURT.

Where a public nuisance is caused by the doing of a lawful business, the court cannot abate it to the extent of closing out the business, provided a change in the manner of conducting it will remove the nuisance.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 200; Dec. Dig. § 85.*]

4. NUISANCE (§ 96*)—PUBLIC NUISANCE—ABATEMENT—JURISDICTION OF COURT.

Under Code Cr. Proc. § 953, providing that, where one is convicted of maintaining a public nuisance, the court may in its judgment, in addition to or in place of other punishment, direct the abatement of the nuisance and issue an order to the sheriff to execute the judgment, the court, on the conviction of accused for maintaining a public nuisance caused by his method of doing lawful business, should command accused to abate the nuisance forthwith at his own expense, and on his default so to do within a reasonable time should command the sheriff to abate it, but the directions to the sheriff should be specific.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 218; Dec. Dig. § 96.*]

5. NUISANCE (§ 96*)—PUBLIC NUISANCE—ABATEMENT—JURISDICTION OF COURT.

Where accused was convicted of maintaining a public nuisance in the conduct of his dairy business, under an information alleging that on a designated past date and continuously thereafter until the filing of the information he maintained the nuisance, and the evidence indicated that there had been some cessation of the causes producing the nuisance, though the evidence justified an order for abatement, the court, in ordering the abatement, should direct accused to abate the nuisance forthwith at his own expense, and on his default within a reasonable time should direct the sheriff to abate it, but give the sheriff specific directions.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 218; Dec. Dig. § 96.*]

6. NUISANCE (§ 96*)—PUBLIC NUISANCE—ABATEMENT—JURISDICTION OF COURT.

Accused, convicted of maintaining a public nuisance caused by his manner of conducting a lawful business, might not complain of an order for the abatement of the nuisance, if at the time of the making of the order the objectionable features did not exist.

[Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 218; Dec. Dig. § 96.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

7. CRIMINAL LAW (§ 594*)—CONTINUANCE—ABSENCE OF WITNESSES.

Where accused went to trial with the understanding that a continuance would be granted in order that he might prove his case, but after his counsel had examined several witnesses he did not stand on his right of a continuance, but stated he would·close if the court would not be prejudiced because he had not brought in other witnesses who had not been subpœnaed, and who, if available, would give testimony merely cumulative and negative, accused could not complain of the trial court's final refusal of a continuance.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1321, 1322, 1332; Dec. Dig. § 594.*]

8. NUISANCE (§ 96*)—CRIMINAL PROSECUTIONS—APPEAL—CORRECTION OF ORDER FOR ABATEMENT.

Under Code Cr. Proc. § 543, authorizing the appellate court to correct an erroneous judgment, the Appellate Division has power, on appeal from a judgment of conviction for maintaining a public nuisance, to amend the order of abatement of the nuisance.

|Ed. Note.—For other cases, see Nuisance, Cent. Dig. § 218; Dec. Dig. § 96.*]

Appeal from Court of Special Sessions, Kings County.

The High Ground Dairy Company was convicted of the crime of maintaining a public nuisance, and it appeals. Judgment of conviction affirmed, and order of abatement modified, and, as modified, affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Wendell P. Barker, of New York City, for appellant.

Ralph E. Hemstreet, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondents.

JENKS, P. J. I think that there is proof of an excess of noise, of odors, and possibly of pests, in the conduct of defendant dairyman's station and stables, to justify conviction of a public nuisance under subdivision 2 of section 1530 of the Penal Law.

[1] The defendant insists that there is no proof of criminal intent. None was necessary. The statute is silent, and intent is not a necessary element of such a crime. People v. Kibler, 106 N. Y. 321, 12 N. E. 795. Whether the defendant conducted its lawful business with good or evil intent was immaterial. Taylor v. People, 6 Parker, Cr. R. 347; Wharton's Crim. Law, vol. 2, §§ 1686, 1687; Bishop's New Crim. Law, vol. 1, § 1075. See, also, People v. Borden's Condensed Milk Co., 151 N. Y. Supp. 547, decided January 22, 1915. When the business itself is lawful, the primary question is one of relative rights. Wood on Nuisances, vol. 1, p. 16, and notes. And the proceeding is criminal in form because the nuisance is public, as affecting a considerable number of persons. Mellor, J., in Reg. v. Stephens, L. R. 1 Q. B. 702; People v. Branchport & Penn Yan P. R. Co., 5 Parker, Cr. R. 604.

The purpose of the statute is to prevent the recurrence of the nuisance, not to punish, although punishment must be prescribed in order to make the statute effective. Then it is neither essential nor logical to consider the intent of the maker of the nuisance. If it were, the purpose of the statute would almost invariably be defeated in cases when the business was lawful, for how could it be shown that one would

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so conduct such business with the purpose of doing what the law forbids and punishes? The "evil and malicious spirit" would profit nothing, and would lead to punishment and to loss. In People v. Eckerson, 133 App. Div. 220, 117 N. Y. Supp. 418, cited by the defendant, Eckerson had countenanced the removal of earth upon his land at a considerable distance from the highway, and although a year elapsed there was no proof of either subsidence or disturbance of the highway. This court held that the evidence was insufficient to sustain the conviction. The expressions in the opinion relative to criminal intent must be limited to the facts, and I think that such expressions were used in consideration of the lack of evidence that the acts were done in "contemplation, and more or less expectation" (see Com. v. Kennedy, 170 Mass. at 21, 48 N. E. 770) that the highway could be affected, not to declare any rule that proof of criminal intent was essential in such cases. And the court doubtless had in mind the distinction between nuisance and negligence. See McCluskey v. Wile, 144 App. Div. 470, 129 N. Y. Supp. 455.

[2] I think that an order for abatement could have been made under section 953 of the Code of Criminal Procedure, but that the present order should not stand. The defendant protested against it, excepted to it, and contends that it was not justified, because the proof was limited to a period determined by the filing of the information, May 12, 1914, while the order was made on June 3, 1914. The information is that "on February 15, 1914, and continuously thereafter until the day of the filing of this information," the defendant "did annoy," etc. This is sufficient, under the authorities, to confer jurisdiction. Bishop's New Crim. Law, vol. 1, § 1079, citing authorities; Rex v. Stead, 8 T. R. 142; Munson v. People, 5 Parker, Cr. R. 16; State v. Noyes, 10 Foster (30 N. H.) 279–298; Russell on Crimes, 1035–1839. It is true that the evidence indicates that there has been some cessation of the noise, and that the causes both of it and of the odors have been partially done away with. And it is also true that the proof of continuance is not strong, due somewhat to the limitations made by the court. But the presumption of the continuance that arose after proof of the nuisance, together with bits of evidence that cropped out here and there, are sufficient to sustain an order for abatement.

[3, 4] When it appears that the public nuisance is in the doing of a lawful business, there cannot be abatement to the extent of closing out the business if a change in the manner of its doing will remove the evils. Babcock v. City of Buffalo, 1 Sheld. 317, approved as to this feature and affirmed 56 N. Y. 268; Taylor v. People, supra. I think that in such cases, and therefore in this case, the order should command the defendant to abate the nuisance forthwith at his own expense, and upon his default at the expiry of a prescribed time (which shall be reasonable) should command the sheriff to abate it. See Wood on Nuisances, § 864; Munson v. People, supra; Barclay v. Comm., 25 Pa. 503; 64 Am. Dec. 715; Campbell v. State, 16 Ala. 144.

[5] But this order, issued on the very day of judgment, commands the sheriff in the first instance to abate the nuisance forthwith. I do not read the present order to command necessarily the closing out of

the business, and for the reasons stated it is not right that it should do so. The case at bar is an illustration of the unwisdom of such a devolution in the first instance. For, as it is impossible to dispatch business of this kind without some, at least, of the features of which the excess thereof constitutes the nuisance, the sheriff is and should be required only to deal with such excess. The order contains no specific instructions—the sheriff must determine the scope of his duty. And in any event it would be impossible for him to regulate this business, so as to preserve the relative rights of the defendant and of a considerable number of persons without virtually taking over the supervision of the defendant's methods for a time.

[6] On the other hand, the offending is in the defendant's business, the defendant must know the nature of the offending, and it is in the line of its business to remove it if possible. If it does not abate the nuisance, then it may find that the sheriff will do so in a manner far more drastic. It is true that even then the sheriff must be the judge as to whether there has been abatement, but that is a much less onerous task than to set about the abatement in the first instance. Or the defendant who neglects or fails to abate will be in peril of a further information for a continuance of the nuisance (Munson v. People, supra), which might well be followed by an order of abatement that required the closing out of the business as the only effective remedy. And, finally, an order of the kind I have suggested could not harm the defendant, if, at the time it was made, the objectionable features did not exist, for there would be nothing to abate.

[7] I think that the appellant has no substantial grievance, in that the Special Sessions finally refused a continuance of the trial. It is true that the defendant went to trial with an understanding, from the expression of the court, that continuance would be granted in order that it might complete its case. But after the defendant's counsel had examined nine of defendant's witnesses, he did not stand absolutely upon his right of a continuance, but receded with the statement that he would close if the court would not be "prejudiced" because he had not brought in a great number of witnesses. The court, however, ascertained that the proposed witnesses had not been subpœnaed, and, even if available, would give testimony which the counsel admitted was "merely cumulative and negative." It is entirely possible that in a criminal case a defendant might be seriously prejudiced if he was lulled into a consent to trial by the court's promise of a continuance, but there is no such grievance in this case.

[8] I think that this court has the power to amend the order of abatement. Section 543, Code of Criminal Procedure; Campbell v. State, supra.

I advise that the judgment of conviction be affirmed, and that the order of abatement be modified in accord with this opinion, and, as modified, that it be affirmed. All concur.