■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS JOSEPH SWEENEY, JR., Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 2, 1972, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Munder, Acting P. J., Martuscello, Gulotta and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse and to order a new trial, with the following memorandum: "Few rights are more fundamental than that of an accused to present witnesses in his own defense " (*Chambers* v. *Mississippi*, 410 U. S. 284, 302; see, also, *People* v. *Foy*, 32 N Y 2d 473). Here, the trial court prevented defendant from presenting two of three alibi witnesses when it denied defendant's motion to adjourn the trial for one week. The two alibi witnesses who did not testify were a husband hospitalized with a bad heart and his wife. They would have testified upon the husband's release from the hospital, had the requested one-week adjournment been granted. The third alibi witness, the son of the husband and wife, testified that defendant slept at his house on the night of the crime. In summation, the Assistant District Attorney referred to that witness as a kid who had volunteered too much for his friend. I find no error in the summation. However, I find reversible error in the trial court's ruling denying the adjournment. By so doing the court prevented the husband and wife from giving possible corroborating testimony. Who knows how much influence this would have had on the jury, particularly in a case such as this, where the Assistant District Attorney strenuously attacked the alibi testimony given by defendant's friend? *Eighmy* v. *People* (79 N. Y. 546) and *People* v. *High Ground Dairy Co.* (166 App. Div. 81) are inapplicable. In *Eighmy* the trial court denied a motion for an adjournment. In that case the missing witness' testimony was " probably intended to impeach the character of * * * [a] witness. This could be done quite as well by other witnesses, and hence his testimony was not of such a *vital character* as to render his attendance indispensible " (*Eighmy* v. *People, supra,* p. 555 [emphasis supplied]). In the present case the testimony could have been vital. In *High Ground Dairy* (*supra*) there was no adjournment. In that case, too, the testimony was unimportant. In fact the court there " ascer-

tained that the proposed witnesses had not been subpoenaed, and, even if available, would give testimony which the counsel admitted was 'merely cumulative and negative'" (*People* v. *High Ground Dairy Co., supra,* p. 85). To conclude, the exclusion of critical evidence denied defendant a fair trial in accord with our notions of fundamental fairness and due process.