**STATE, Plaintiff, v SAAN, Defendant.**

Court of Common Pleas, Tuscarawas County.

Decided August 19th, 1947.*

6

Fred L. Syler, City Solicitor, Dover, and C. Vernon Lee, Prosecuting Attorney, New Philadelphia, for State.

Bowers, Stafford and Bowers, New Philadelphia, for defendant.

*NO APPEAL TAKEN

## OPINION

By LAMNECK, J.

This case comes into this court on appeal on a question of law from the Mayor's Court of the City of Dover wherein the defendant was convicted on May 9, 1947, of violating §6307-37a GC.

A number of errors were assigned by the defendant in the presentation of this case to the Court, but only one was seriously argued and that is that "the verdict and judgment of the Court is against the law of the land and is manifestly against the weight of the evidence."

The specific charge in this case read as follows:

"That on or about the 4th day of May, 1947, in the County of Tuscarawas, Ohio, aforesaid, one Glenn Edward Saan, did then and there unlawfully operate a certain motor vehicle to-wit: a 1937 Plymouth Coupe, bearing Ohio License R-219J on U. S. Route 250 and pull out onto the highway from a parked

position without making sure such movement could be made with reasonable safety. Contrary to and in violation of §6307-37a GC of the State of Ohio."

The undisputed evidence in this case shows that on Sunday morning, May 4, 1947, the defendant had his automobile parked at the Schoenbrun Grange Hall, on U. S. Route 250 between New Philadelphia and Uhrichsville on the left side of the highway headed south, where a dance had been in progress. When the dance broke up about 12:20 A. M., the defendant who had two passengers in his car at the time, started from his parked position on the east side of the highway, crossed diagonally over the highway to the west side and headed south almost immediately after he had reached the right side of the highway, and when in the right lane of traffic, his car was struck in the rear by a car driven by one George Weaver of Akron, Ohio, which was also traveling South.

Sec. 6307-37a GC, insofar as it relates to this case, provides that "no person shall start a vehicle * * * which is stopped, standing, or parked unless and until such movement can be made with reasonable safety."

Under §6307-107 GC, the violation of any provision of the Uniform Traffic Act is made criminal which would include the rule of conduct specified in paragraph (a) of §6307-37 GC. (State v Wells, 146 Oh St 131, 64 N. E. (2nd) 593.)

Under the Uniform Traffic Act, there are two general classes of penal statutes: First, those which make penal the doing or refraining from doing a definite act, and second those which make penal the failure to observe a general rule of conduct.

Under the first class of statutes, the doing or refraining from doing the definite act specified in a statute imposes an absolute duty and the violation thereof constitutes a criminal act in and of itself. Under this class of statutes are included §6307-19 GC which prohibits a person from operating a motor vehicle while in a state of intoxication and §6307-25 GC which requires motor vehicles to be driven on the right side of the highway except under certain situations.

Under the second class of cases are included that portion of §6307-21 GC which provides that no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead. Sec. 6307-37a GC comes within the second class of statutes and is a general rule of conduct.

Before a person can be found guilty of violating a penal statute specifying a general rule of conduct for the protection of the public, it must be proven beyond a reasonable doubt that the accused's conduct, in view of the prohibition of the statute, was not that of an ordinarily careful and prudent person under all the circumstances, (**State v Schaeffer, 96 Oh St. 215,** 117 N. E. 220). In other words, the defendant's conduct in this case must constitute criminal negligence in operating his automobile before a finding of guilty may be sustained.

It is contended by the defendant that the collision was due to the negligence of George Weaver, the operator of the other automobile, in driving his car at an excessive rate of speed. Weaver testified that at the time of the collision he was driving from 40 to 45 miles per hour, "maybe a little above 45." One witness for the defendant testified that he estimated the speed of the Weaver car at 65 to 75 miles per hour, another estimated it "at least 60" while a third witness was of the opinion that Weaver's speed was "about 60 or 65 miles an hour." The negligence or contributory negligence of a person injured is not a defense in a prosecution under a statute making criminal the operation of an automobile without reasonable safety as the sole issue is whether the defendant committed an act prohibited by the Statute. The rules of law concerning contributory negligence as a defense in court actions have no application in a prosecution based on criminal negligence in operating an automobile (Blashfield's Cyclopedia of Automobile Law, Volume 8, Section 5334; **State v Wells, 146 Oh St 130,** 64 N. E. (2nd) 593.)

Did the defendant's conduct in this case constitute criminal negligence? According to his own testimony, he was parked on the left side of the highway headed south; that he started his motor and waited until a car headed north got past; that he looked up the road and saw a car which "looked like it was up at the airport" and then pulled across; and that his car was struck about 75 to 100 feet from where it was parked.

One of his passengers (Alice Murphy) testified that the defendant asked his passengers to look up the road for approaching cars; that she saw one "way up by the airport." The other passenger (Mrs. Skinner) also testified that the defendant asked his passengers to look for approaching cars and that she saw one "way up by the airport."

Two of the defense witnesses also testified that Weaver first applied his brakes about 400 feet from the scene of the accident.

A perusal of the transcript of the testimony in this case alone would no doubt lead different persons to arrive at contrary conclusions as to whether the defendant used ordinary care in crossing the highway under the circumstances existing, taking into account the provisions of the statute prohibiting the making of such movement unless and until he could do so with reasonable safety.

The Mayor who heard this case without the intervention of a jury heard the witnesses testify; he had the opportunity to judge their conduct and appearance; and to determine the weight and value to attach to their testimony. From the conflicting testimony offered, the Mayor could conclude that he was convinced beyond a reasonable doubt that the defendant did not use ordinary care in not waiting until the Weaver car had passed before proceeding to cross the highway.

It is therefore ordered that the judgment be affirmed. Exceptions noted.