CITY OF AKRON *v.* ALLEN.

(No. 81 TRD 140—Decided July 22, 1981.)

Akron Municipal Court.

*Mr. Gary L. Himmel,* for plaintiff.
*Mr. Timothy J. Murty,* for defendant.

GEORGE, J. This matter comes before the court on the defendant's objection to the recommendation by the traffic referee finding the defendant guilty of failing to control her vehicle under Section 434.09, Akron City Code.

On December 31, 1980, the defendant was driving her automobile on Kelly Road in Akron, Ohio, at 20 m.p.h. and was aware that the road was slippery. Her car hit an icy spot and skidded. Turning the wheels in the direction of the skid did not prevent the defendant's vehicle from skidding and she collided with a highway divider. Another motorist, who was behind the defendant, then collided with the defendant. An officer arrived at the accident scene and cited the defendant with violating the Akron city "failure to control" ordinance.

The referee did not recommend sentence or penalty. Before reviewing the referee's report, the court must determine whether it is empowered to review the matter before any sentence or penalty has been set by the referee. The court finds that it is.

The referee has two functions, sentencing and fact find-

ing. The second function, fact-finding, is "for the taking of evidence and [preparing a] written report of findings and recommendations" in contested matters. The first function is for "receiving pleas, statements in explanation and in mitigation of sentence and of recommending penalty to be imposed" in uncontested matters. Traf. R. 14.

A written waiver of a trial by a judge must be executed by the defendant in order for the referee to hear a contested case. By implication, no waiver is required for the referee to hear and recommend a penalty in an uncontested case. The defendant simply admits guilt and the referee imposes the penalty.

The penalty decided by the referee is to be imposed by the court unless the defendant takes exception. There is no time limit within which to take exception. The court must determine the reasonableness of the time between the filing of the referee's report and service of the exceptions to the report. The fact-finding function is automatically subject to the court's review. The written report is taken before the court for confirmation. Since the word "confirm" is synonymous with the word "ratify," Traf. R. 14 only requires the reviewing court to ratify or approve the report before it becomes final, and no hearing is required. See Black's Law Dictionary (4 Ed.).

Traf. R. 14 only requires the referee to prepare findings and recommendations and does not specifically require that the referee recommend the penalty to be imposed under his fact-finding function. Thus, this court may review the written report at this point, even though no penalty is recommended.

Turning to the facts before the court, the defendant denies her guilt, therefore the matter is contested. On January 7, 1981, the defendant executed a waiver providing for the referee to hear her case. The referee's report was filed on March 30, 1981. The defendant's objections were served and filed April 2, 1981. The court finds the objections to have been filed within a reasonable time.

The waiver provides that the referee's finding is reviewable only at the appellate level, whereas the Traffic Rules require a trial court judge to review the report to confirm or disaffirm the findings. See Traf. R. 14. Thus there is a conflict between the waiver and the Traffic Rules which must be

decided in favor of the Traffic Rules, since these Rules apply to traffic cases in all Ohio courts. Traf. R. 1(A).

The finding of the traffic referee in a contested case is not binding until it is approved by the trial court. Hence the matter is not a final determination of an issue, nor is it an appealable order until it is so confirmed. Without judicial confirmation the matter cannot be reviewed by the appellate court.

Therefore, the court disregards, as contrary to law, the reviewability clause of the waiver, and considers the objections to the referee's finding of guilt.

The issue is whether the defendant is guilty of failing to control her vehicle, in violation of Section 434.09 of the Akron City Code, when there is no culpable intent to not control her automobile.

The defendant contends that her attempt to control her automobile during the skid excuses her failure to control. However, this argument is predicated upon the assumption that the failure to control ordinance requires a voluntary act or an omission of an act.

R. C. 2901.21 sets forth the criminal liability requirements. It divides criminal offenses into two types: (1) those requiring a voluntary act or an omission, and (2) those imposing strict liability for the conduct proscribed. The failure to control ordinance plainly imposes strict liability, so it falls into the latter category. A municipal ordinance requiring control imposes an absolute duty on a motorist for the protection and benefit of the public. *Swoboda* v. *Brown* (1935), 129 Ohio St. 512.

When a law imposes an absolute duty on a motorist, a violation of this duty constitutes a crime. This failure to perform a duty as required is referred to as criminal negligence, and intent is not an element of such a crime. *Dayton* v. *Brennan* (Dayton Mun. Ct. 1952), 64 Ohio Law Abs. 525.

The ordinance in question requires the motorist to maintain control of his vehicle. Control of a vehicle means that the driver has the ability to stop readily and easily. *Collins Baking Co.* v. *Wicker* (1932), 166 Miss. 264, 142 So. 8, cited by *Jackson Brewing Co.* v. *Salvage Corps.* (Ham. Co. 1941), 69 Ohio App. 248.

Clearly, the defendant did not control her automobile since she lost the ability to readily and easily stop, colliding with a

highway divider and causing a second vehicle to collide with her.

The court holds that conscious action is not required to find a motorist guilty of the failure to control ordinance. Further, that skidding upon a slippery road surface is within the power of a motorist to prevent when there is no intervening cause. *Oechsle* v. *Hart* (1967), 12 Ohio St. 2d 29. And, finally, a motorist is responsible for controlling his vehicle regardless of the road conditions.

In accordance with the foregoing, the court finds that the recommendation issued by the referee is consistent with law and that the defendant is guilty of failing to control her vehicle.

Therefore, the court confirms the finding of the referee.

*Finding confirmed.*