## CITY OF AKRON *v.* CHARLEY.

(No. 82 TRD 7289—Decided June 4, 1982.)

Akron Municipal Court.

*Ms. Elaine B. Davidson,* for plaintiff.
*Mr. L. J. Scanlon,* for defendant.

GEORGE, J. This matter came to trial where the following facts were established. The defendant drove an automobile and made a left turn in front of a police cruiser approaching from the opposite direction. The vehicles collided coming to rest on the north sidewalk of East Market Street. The defendant was cited for improperly turning in violation of Section 432.16 of the Akron City Code, a minor misdemeanor. This ordinance is identical to R.C. 4511.42, relating to right of way when turning left.

Prior to the collision the defendant was stopped in a lane of traffic facing a red light on the west side of the intersection of East Market Street and Massillon Road. Stopped in front of the defendant was a pickup truck which blocked the defendant's view of the street ahead. Two police cruisers drove through the red light from the opposite direction coming toward the defendant. Both cruisers had oscillating lights in operation but gave no audible warning. The cruisers were responding to a call on a burglary in progress. The defendant paused a few seconds when the first cruiser passed and then pulled out across the center line to turn left into a driveway of a business. The drive was about sixty-five feet west of the intersection. The second police cruiser, following the first, was spaced by about five car lengths. Due to the location of the pickup truck the defendant did not see the second police cruiser's approach. The second cruiser left skid marks beginning about thirty feet west of the intersection.

There are three issues of law to be

2

determined by the court. There has been little analysis of this ordinance and statute in its criminal application.

The first issue is what state of mind is necessary to be proven by the prosecution to establish culpability. The ordinance does not specify the culpable state of mind. Section 606.07 of the Akron City Code like R.C. 2901.21 provides two culpable states of mind where none is specified: strict liability or recklessness. However, criminal negligence is also available to measure culpability in penal provisions where no state of mind is specified. *State* v. *Cichon* (1980), 61 Ohio St. 2d 181 [15 O.O.3d 209]. The court finds that the appropriate standard of culpability is strict liability.

R.C. 4511.42 is used in civil actions to establish negligence as a matter of law. *Kessler* v. *Brown* (App. 1939), 17 O.O. 42. Negligence *per se* only occurs when the penal provision specifies a specific duty as opposed to a general duty. *Swoboda* v. *Brown* (1935), 129 Ohio St. 512 [2 O.O. 516]. The duty specified in turning left is specific and cannot be classified as general. When a specific duty is imposed, the penal provision indicates that it imposes strict liability. *Dayton* v. *Brennan* (M.C. 1952), 64 Ohio Law Abs. 525; *State* v. *Saan* (C.P. 1947), 50 Ohio Law Abs. 5. The words of the ordinance plainly indicate that the intent of the operator of the vehicle is not an element of the crime. Under strict liability a defendant's mental state has no bearing on the determination of guilt or innocence. *Akron* v. *Allen* (M.C. 1981), 69 Ohio Misc. 4 [23 O.O.3d 73].

The culpable mental state of criminal negligence is inappropriate. This standard may only apply when there is long-standing judicial interpretation which is unchanged by the legislature. *State* v. *Cichon, supra.* There is no long-standing judicial interpretation applying a negligence standard of culpability to criminal violations of this ordinance or the statute.

The second issue presented is whether the defendant failed to yield the right of way. The right of way is the right of a vehicle to proceed uninterruptedly in a lawful manner in the direction it is moving in preference to another vehicle approaching from a different direction into its path. R.C. 4511.01(UU). Therefore, a determination must be made as to whether the police cruiser had the right of way.

The court finds the second police cruiser did have the right of way over the defendant immediately before the collision. The fact that the second police cruiser did not have an audible siren, whistle, or bell in operation only denied the cruiser the preferential right of way of public safety vehicles pursuant to R.C. 4511.45 and Section 432.19 of the Akron City Code. *Dayton* v. *Ediss* (M.C. 1970), 25 Ohio Misc. 91 [54 O.O.2d 45]. Once the second police cruiser had left the intersection it regained the right of way it had lost while proceeding against the red light traffic signal. Compare *Cleveland* v. *Keah* (1952), 157 Ohio St. 331 [47 O.O. 195]. The defendant continued her effort to complete her left turn and did not yield to allow the second police cruiser to pass. The defendant failed to yield the right of way to the second police cruiser.

The last issue is whether the approaching police cruiser constituted an immediate hazard. There is no precise or absolute measurement to determine whether an approaching vehicle constitutes an immediate hazard. Each case must be judged on its circumstances in light of common sense. *Richards* v. *Anderson* (1959), 9 Utah 2d 17, 337 P. 2d 59. An automobile approaching from the opposite direction at forty to fifty miles per hour and seventy-five to eighty feet from the intersection toward a driver making a left hand turn was held to constitute an immediate hazard in *Fruge* v. *American Service Mut. Ins. Co.* (La. App. 1969), 227 So. 2d 646. The evidence from the facts before the court re-

veals the defendant's first opportunity to yield to the second police cruiser was when the police cruiser was about thirty-five feet distant. There is no question that vehicles this close moving toward each other constitute an immediate hazard to each other unless the operators attempt to avoid one another.

The evidence establishes beyond a reasonable doubt that: the defendant was the operator of the offending vehicle, that the defendant turned left into a driveway, that the police cruiser was approaching from the opposite direction, and that the defendant failed to yield the right of way to the police cruiser. The defendant is guilty of violating Section 432.16 of the Akron City Code.

*Defendant guilty.*