PEOPLE v JONES

(KALAMAZOO TOWNSHIP v JONES)

Docket No. 66599. Submitted December 8, 1983, at Grand Rapids.— Decided February 21, 1984.

Defendant, Timothy J. Jones, was ticketed and subsequently prosecuted in district court for the violation of a Kalamazoo Township ordinance regarding stop signs, after the automobile he was driving was unable to stop at a stop sign in the township due to icy road conditions and struck another automobile. Defendant's civil infraction case was dismissed by the district court after that court held that defendant had attempted to stop his car and therefore had not violated the traffic ordinance. The people appealed to the Kalamazoo Circuit Court which affirmed the district court, Donald T. Anderson, J. The people appeal, by leave granted, arguing that guilty intent is not an element of the civil infraction. *Held:*

1. Guilty intent is not an element of the civil infraction.

2. Traffic violations are strict liability offenses, in which the motorist's negligence or lack of intent to commit the infraction is irrelevant. Driving through a stop sign is a strict liability offense, thus, defendant's inability to stop at the stop sign was irrelevant.

Reversed and remanded to the district court for entry of a judgment consistent with the opinion.

1. Automobiles — Traffic Violations — Strict Liability.

Traffic violations are strict liability offenses in which the motorist's negligence or lack of intent to commit an infraction are irrelevant.

References for Points in Headnotes

[1, 2] 7A Am Jur 2d, Automobiles and Highway Traffic § 204.
21 Am Jur 2d, Criminal Law §§ 137-139.
[2] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 831, 832.
Liability for automobile accident at intersection as affected by reliance upon or disregard of unchanging stop signal or sign. 3 ALR3d 180.

2. AUTOMOBILES — TRAFFIC VIOLATIONS — STOP SIGNS — STRICT
LIABILITY.

The failure to stop a vehicle in compliance with a stop sign in
violation of the state statute pertaining thereto or a local
ordinance with virtually identical wording is a strict liability
offense; therefore, the driver's inability to stop at the stop sign
is irrelevant to the determination of such a violation (MCL
257.649, subds [6], [8]; MSA 9.2349, subds [6], [8]).

*Bauckham, Reed, Lang, Schaefer & Travis, P.C.*
(by *Robert F. Travis*), for the people.

Before: R. M. MAHER, P.J., and R. B. BURNS and
J. G. ROSKOPP,* JJ.

PER CURIAM. On December 19, 1981, defendant,
unable to halt his car at a stop sign in Kalamazoo
Township due to icy road conditions, struck an-
other car passing through the intersection. He was
subsequently ticketed and prosecuted for violating
Kalamazoo Township Ordinance CI, R 28.1436,
§ 5.36 (virtually identical to MCL 257.649, subds
[6], [8]; MSA 9.2349, subds [6], [8]):

"(1) Except when directed to proceed by a police
officer, the driver of a vehicle that is approaching a stop
intersection indicated by a stop sign shall stop before
entering the crosswalk on the near side of the intersec-
tion or, if there is no crosswalk, shall stop at a clearly
marked stop line or, if none, shall stop at the point
nearest the intersecting roadway where the driver has
a view of approaching traffic on the intersecting road-
way. After having stopped, the driver shall yield the
right-of-way to any vehicle which has entered the inter-
section from another highway or which is approaching
so closely on the highway as to constitute an immediate
hazard during the time when the driver would be
moving across or within the intersection.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(2) A person who violates this section is responsible for a civil infraction."

Defendant's civil infraction case was dismissed by the district court after that court held that defendant had attempted to stop his car and therefore had not violated the traffic ordinance. The circuit court affirmed this judgment on August 6, 1982. The people now appeal by leave granted, arguing that guilty intent is not an element of the civil infraction.

We agree. Courts in this country have almost universally held that traffic violations are strict liability offenses, in which the motorist's negligence or lack of intent to commit the infraction is irrelevant. *E.g., City of Akron v Allen,* 69 Ohio Misc 4; 23 Ohio Ops 3d 73; 429 NE2d 1195 (1981); *People v Forbath,* 5 Cal App 2d Supp 767; 42 P2d 108 (1935); *Commonwealth v Ober,* 286 Mass 25; 189 NE 601 (1934); *Goodwin v State,* 63 Tex Cr App 140; 138 SW 399 (1911); 61A CJS, Motor Vehicles, § 591, p 265. Two reasons underlie this conclusion:

"The purpose of the statute is to prevent the recurrence of the nuisance, not to punish, although punishment must be prescribed in order to make the statute effective. Then it is neither essential nor logical to consider the intent of the maker of the nuisance." *People v High Ground Dairy Co,* 166 App Div 81, 82; 151 NYS 710, 711 (1915).

"The accused, if he does not will the violation, usually is in a position to prevent it with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities. Also, penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation. Under such considerations, courts have turned to construing statutes and

regulations which make no mention of intent as dispensing with it and holding that the guilty act alone makes out the crime." *Morissette v United States,* 342 US 246, 256; 72 S Ct 240, 246; 96 L Ed 288, 297 (1952).

See, also, 1 Wharton Criminal Law (14th ed), § 23, p 102.

In this case, driving through a stop sign is a strict liability offense. See *People v Thompson,* 259 Mich 109, 120; 242 NW 857 (1932); *People v McIntosh,* 23 Mich App 412; 178 NW2d 809 (1970). For this reason, defendant's inability to stop at the stop sign was irrelevant. The facts here do not present a situation in which there was no *actus reus (e.g.,* a vehicle behind the motorist's car failed to stop and pushed him past the stop sign into the intersection) or in which the motorist failed to stop due to a mechanical failure previously unknown to him.[1] Instead, defendant was aware of the icy road conditions at least five minutes before the accident and so could have prevented the violation by applying his brakes earlier.

Reversed and remanded to the district court for entry of a judgment consistent with this opinion.

[1] Compare *State v Kremer,* 262 Minn 190; 114 NW2d 88 (1962), where the court reversed a finding of liability where the defendant ran a red light after his brakes failed him for the first time, with *City of Kettering v Greene,* 9 Ohio St 2d 26; 222 NE2d 638 (1966), where the court found liability where the defendant bus driver ran a stop sign after the brakes on his bus failed, although the driver's duties did not include maintenance.