[Cite as *State v. Alford*, 2013-Ohio-5045.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 25715 |
| | : | |
| v. | : | Trial Court Case No. 12-TRD-3843 |
| | : | |
| KYLE V. ALFORD | : | (Criminal Appeal from Montgomery Co. |
| | : | Municipal Court - Western Division) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of November, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by GREGORY P. SPEARS, Atty. Reg. #0009002, Prosecuting Attorney's Office, 30 Wyoming Street, Dayton, Ohio 45409
        Attorney for Plaintiff-Appellee

KYLE V. ALFORD, 8631 Timber Park Drive, Washington Township, Ohio 45458
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

HALL, J.,

{¶ 1}    Kyle V. Alford appeals pro se from his conviction and sentence for failing to

yield the right of way when turning left, a violation of R.C. 4511.42(A).

{¶ 2} Alford advances three assignments of error. First, he contends the trial court erred in citing a case that he believes is factually distinguishable. Second, he claims that the trial court erred in its characterization of the testimony of deputy sheriff Mike Williams. Third, he asserts that the trial court erred in accepting the testimony of deputy sheriff Joseph Caito.

{¶ 3} The record reflects that Alford was charged with violating R.C. 4511.42(A) for allegedly making a left turn in front of an oncoming car. At trial, deputy sheriff Caito testified that he stopped his cruiser directly behind Alford's car on westbound Third Street at the intersection of Infirmary Road. (Trial Tr. at 7). Alford and Caito had a green light and were waiting to turn left to go south on Infirmary Road. (*Id*. at 8). Caito testified that he observed Alford pull directly into the path of a vehicle heading eastbound on Third Street. The on-coming vehicle had the right-of-way, as there was no turn arrow for westbound traffic. (*Id*.). According to Caito, Alford failed to yield the right of way, forcing the driver of the eastbound vehicle to "slam" on his brakes to avoid a collision. (*Id*. at 9). Caito watched the front of the eastbound vehicle "nose down" when the driver braked. (*Id*.). He opined that if the eastbound vehicle had not braked, it would have struck the side of Alford's car. He characterized Alford's act of turning in front of the eastbound vehicle as constituting an "immediate hazard." (*Id*. at 10).

{¶ 4} The State's only other witness was deputy sheriff Williams. He testified that he stopped his cruiser directly behind Caito's vehicle at the intersection of Third Street and Infirmary Road. (*Id*. at 18). Williams explained that he saw Alford turn left in front of the on-coming vehicle. From his vantage point, however, he could not see the front end of the

eastbound vehicle dip down when its driver braked, as Alford's car was blocking his view. (*Id*. at 19). Nevertheless, Williams "could tell the other vehicle had to slow down before he could proceed down the street." (*Id*.). Williams estimated that the eastbound vehicle was only twenty to twenty-five feet away from Alford's car. (*Id*. at 23).

{¶ 5} For his part, Alford represented himself at trial. He called Dallas Jones, who had been a passenger in his car, as a witness. Jones estimated that the eastbound car was forty to fifty yards away when Alford turned left. (*Id*. at 29-30). Alford then provided his own testimony in narrative form. He testified generally about the traffic stop and his interaction with Caito. He also disputed the deputies' opinion about the distance between his car and the eastbound vehicle when he turned left. (*Id*. at 38-39).

{¶ 6} The trial court subsequently filed a decision and verdict finding Alford guilty of violating R.C. 4511.42(A), which obligates a driver turning left in an intersection to yield the right of way to an approaching vehicle that "is within the intersection or so close to the intersection * * * as to constitute an immediate hazard." The trial court imposed a partially suspended fine and ordered Alford to pay court costs.[1] (Doc. #10).

{¶ 7} In his first assignment of error, Alford challenges the trial court's citation to *City of Akron v. Charley*, 2 Ohio Misc.2d 1, 440 N.E.2d 837 (M.C.1982). He argues that the trial court erred in citing *Charley* in its written decision because the case is factually distinguishable. This argument lacks merit. The trial court cited *Charley* only for the legal proposition that "'[t]here is no precise or absolute measurement to determine whether an

---

[1] Because the present appeal involves a misdemeanor conviction, we considered the possibility that it might be moot. Our review of the Montgomery County Municipal Court's on-line docket reflects, however, that Alford has not yet paid the fine and court costs imposed. Therefore, we decline to find this appeal to be moot.

approaching vehicle constitutes an immediate hazard. Each case must be judged on its circumstance[s] in light of common sense.'" (Doc. #10 at 2, quoting *Charley* at 2). This statement of law remains applicable here regardless of any factual distinctions that may exist between Alford's case and *Charley*. The first assignment of error is overruled.

{¶ 8}  In his second assignment of error, Alford claims the trial court erred in finding, based on deputy Williams' testimony, that the driver of the eastbound vehicle had to apply the brakes to avoid a collision. Alford contends Williams' testimony does not support such a conclusion because the deputy admittedly could not see any indicator of hard braking—such as the front end of the approaching car dipping down—from his vantage point.

{¶ 9}  Upon review, we see no error. In its written decision, the trial court stated: "This court finds that Deputy Williams' testimony was most credible in that he confirmed that the approaching vehicle had to apply the breaks [sic] in order to avoid a collision with the Defendant's vehicle." (Doc. #10 at 2). The State contends that the trial court's reference to Williams is a typographical error and that the trial court meant to refer to Caito, who had a better view. Although the State could be correct, the record nevertheless supports the finding the trial court made.

{¶ 10}  Williams testified that he could not see the front end of the approaching car dip down because his view was blocked. But he did observe the "close proximity" of Alford's car and the approaching vehicle. (Trial Tr. at 19). He testified that he "could tell the other vehicle had to slow down before he could proceed down the street," and he estimated that the eastbound vehicle was only twenty to twenty-five feet away from Alford's car. (*Id*. at 19, 23). Because a vehicle slows down by braking, the trial court reasonably interpreted Williams' testimony as

"confirm[ing] that the approaching vehicle had to apply the breaks [sic] in order to avoid a collision * * *." (Doc. #10 at 2). The second assignment of error is overruled.

{¶ 11} In his third assignment of error, Alford contends the trial court erred in accepting deputy Caito's testimony that he made an improper left turn. In support, he attempts to challenge Caito's credibility by referring to materials allegedly contained in the deputy's personnel file. Those materials, however, were not provided to the trial court below. It is well settled that a party cannot introduce new evidence on appeal. *State v. Williams*, 2d Dist. Montgomery No. 21842, 2007-Ohio-6612, ¶21. The third assignment of error is overruled.

{¶ 12} The judgment of the Montgomery County Municipal Court, Western Division, is affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Gregory P. Spears
Kyle V. Alford
Hon. James L. Manning