[Cite as *State v. Schaefer*, **2019-Ohio-571**.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**DARKE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-6 |
| | : | |
| v. | : | Trial Court Case No. 2018-TRD-001- |
| | : | 1343 |
| DAVID E. SCHAEFER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : |  Municipal Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 15th day of February, 2019.

. . . . . . . . . . .

JESSE GREEN, Atty. Reg. No. 0040265, Darke County Prosecutor's Office, 504 S. Broadway, Suite 3, Greenville, Ohio 45331
        Attorney for Plaintiff-Appellee

DAVID E. SCHAEFER, 904 State Route 121 N., New Paris, Ohio 45347
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

HALL, J.

{¶ 1} David E. Schaefer appeals pro se from his conviction and sentence on charges of failure to display license plates in violation of R.C. 4503.21 and driving on a closed highway in violation of R.C. 4511.71.

{¶ 2} Although Schaefer's appellate brief lacks assignments of error, he appears to challenge the legal sufficiency or manifest weight of the evidence to sustain his convictions.

{¶ 3} Darke County Sheriff's Deputy T.J. Mullins cited Schaefer for the above-referenced offenses on April 11, 2018. Mullins submitted the following statement in support of the citations:

On 04/11/2018 at approximately 2038 hours, I was patrolling a section of closed road in New Madison Ohio located in Darke County. Main Street was closed for construction between Fairview Street and Washington Street. I observed the defendant's vehicle travel northbound through the road closed barrier at Washington Street. [T]he vehicle passed me and I followed it through the road closed barrier at Fairview Street. I initiated a traffic stop on the vehicle as it turned into the Dollar General parking lot. The defendant exited the vehicle and ignored my instructions to remain in his vehicle several times before returning to the vehicle. I informed the defendant that he was operating his vehicle on a closed road and asked for his driver's license. The defendant stated that he had broken no law and was not going to give it to me. The defendant kept holding up a pocket sized booklet of the Constitution and telling me that I was in violation of the law. The defendant eventually gave me his driver's license so I could write the

traffic citation. The defendant also had a license plate cover on the rear plate of the vehicle. Inside the cover was a piece of dark colored transparent material which made it difficult to read the license plate from a distance. The defendant stated that it was for traffic cameras to keep them from taking photographs of the plate.

(Doc. # 1.)

{¶ 4} The charges against Schaefer proceeded to a bench trial in Darke County Municipal Court. On May 14, 2018, the trial court found him guilty and imposed a fine and court costs. (Doc. # 6.) On June 13, 2018, Schaefer filed a self-styled "Affidavit for Appeal,"[1] which has been construed as his notice of appeal. (Doc. # 7.) Thereafter, Schaefer filed an appellate brief on September 26, 2018. The State filed its own brief on November 14, 2018, but apparently never received Schaefer's brief, which lacked a certificate of service.

{¶ 5} Schaefer's entire substantive argument in his brief is as follows:

On the night in question I was traveling to the Dollar Store. I observed a Patrol car turn left and went around the Barricade statement—ROAD CLOSED—OPEN TO LOCAL TRAFFIC. I decided to follow his lead. As we

---

[1] We note that the filing in the trial court's docket is unsigned, but the copy in our docket is signed by Schaefer. Although Schaefer's filing contains numerous statements that he purports to make under "penalty of perjury" pursuant to 28 U.S.C. 1746, the Ohio Supreme Court has rejected reliance, in state-court proceedings, on unsworn statements made under penalty of perjury pursuant to the federal statute. *Toledo Bar Assn. v. Neller*, 102 Ohio St.3d 1234, 2004-Ohio-2895, 809 N.E.2d 1152, ¶ 10-22. "In Ohio state courts, such a statement is not a valid substitute for a sworn affidavit." *Schoenlein v. Price*, 2d Dist. Montgomery No. 26377, 2015-Ohio-1981, ¶ 15. In any event, "a party cannot introduce new evidence on appeal." *State v. Alford*, 2d Dist. Montgomery No. 25715, 2013-Ohio-5045, ¶ 11.

got close to the end he pulled to the side to let me pass, no big deal. Once clear, I turned left to go to the stores lot here he comes with lights flashing and he blocks me. I get out of the truck to walk into the store; he tells me to get back in the truck. I said what for, for I have committed no crime. He said that I did by driving on a closed road. I responded that that was not a crime. No trespass on anyone's Liberty.

When asked for ID. I said no I don't have to show ID. I did nothing wrong. Heck, I don't think I have any reason even for probable cause. Next he threatened to take me to jail for not showing ID.

I tried to explain; I consider myself and family as local residents. We shop at the grocery, the gas station, the restaurant. Kids attended school. Upon his alleged intelligence he decides that I did not qualify as being a LOCAL. The reason I believe the citation was written is that the substance of the word LOCAL is pretty vague. Lived in this community for over twenty years and just found out that I am apparently an outsider.

I have a postal residence of Preble Co. yet I live in Darke Co. New Paris is seven miles south and New Madison is about four minutes.

I ask of the court to dismiss this frivolous matter. I ask also to be made whole for all losses.

(Appellant's brief at 1-2.)

**{¶ 6}** Upon review, it appears to us that Schaefer may be conflating being a local *resident* with the road in question being open to local *traffic*. It is possible for a motorist to live in a community without qualifying as "local traffic" on a particular road. Regardless,

we have no evidentiary basis upon which to evaluate the narrative in Schaefer's appellate brief because he has failed to file a transcript of the proceedings below. Absent a transcript, we must presume the regularity of those proceedings. *State v. Maloney*, 104 N.E.3d 937, 2018-Ohio-316, ¶ 58 (2d Dist.).

**{¶ 7}** Having no evidentiary basis for finding error in Schaefer's convictions, we affirm the judgment of the Darke County Municipal Court.

. . . . . . . . . . . . .


DONOVAN, J. and FROELICH, J., concur.


Copies sent to:

Jesse Green
David E. Schaefer
Hon. Julie L. Monnin