[Cite as *Smith v. Ramey*, 2019-Ohio-2839.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SHABREIA SMITH | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28164 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-4163 |
| | : | |
| REINA RAMEY | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2019.

. . . . . . . . . . .

SHABREIA SMITH, 2669 Cobble Circle, Apt. 7, Dayton, Ohio 45439
        Plaintiff-Appellee, Pro Se

REINA RAMEY, 4813 Hagen Avenue, Dayton, Ohio 45417
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

HALL, J.

{¶ 1} Reina Ramey appeals pro se from the trial court's entry of a civil stalking protection order against her.

{¶ 2} In response to a show-cause order from this court, Ramey previously indicated that the papers accompanying her notice of appeal constituted her appellate brief. Although Ramey's filing lacks an assignment of error, the essence of her argument is that the petitioner lied about Ramey threatening her and trying to fight her. Ramey asserts that she is the true victim, not the petitioner.

{¶ 3} The record reflects that the petitioner filed a petition for a civil stalking protection order on September 7, 2018. The petition alleged that Ramey had been texting and following the petitioner and threatening to beat her up. Ramey personally was served with a copy of the petition and with an entry setting the matter for a full evidentiary hearing. (Doc. # 5.) The trial court held the hearing on September 13, 2018. The final entry granting a protection order reflects that only the petitioner appeared for the hearing. Based on the evidence before it, the trial court made the following finding of fact in support of a protection order: "OVER THE COURSE OF A WEEK, RESPONDENT TEXT [sic] PETITIONER TRYING TO FIND HER TO FIGHT, EARLIER IN THE WEEK, RESPONDENT TRIED TO ATTACK PETITIONER AT A CLUB AND WAS REMOVED BY SECURITY." (Doc. # 7.)

{¶ 4} On appeal, Ramey contends the petitioner lied about being threatened. Ramey claims the petitioner actually threatened her and endangered her family. She asserts that the petitioner ran a car through her garage door, broke her car window, and broke her house window with a liquor bottle. Attached to Ramey's notice of

appeal/appellate brief are various documents she has filed to support these allegations.

**{¶ 5}** Unfortunately, we have no evidentiary basis upon which to evaluate the narrative in Ramey's appellate brief because she has failed to file a transcript of the evidentiary hearing. Ramey also did not appear for the hearing, which was the time for her to tell her side of the story. Ramey cannot add new evidence to the record on appeal, and absent a transcript we must presume the regularity of the proceedings below. *State v. Schaefer*, 2d Dist. Darke No. 2018-CA-06, 2019-Ohio-571, ¶ 6, citing *State v. Maloney*, 2018-Ohio-316, 104 N.E.3d 937, ¶ 58 (2d Dist.).

**{¶ 6}** Having no evidentiary basis for finding error in the trial court's ruling, we affirm the judgment of the Montgomery County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.

Copies sent to:

Shabreia Smith
Reina Ramey
Hon. Barbara P. Gorman