[Cite as *State v. Upchurch*, 2020-Ohio-4095.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

STEVEN UPCHURCH

    Appellant

C.A. No.    19CA011518

APPEAL FROM JUDGMENT
ENTERED IN THE
LORAIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2019TRD01254

DECISION AND JOURNAL ENTRY

Dated: August 17, 2020

HENSAL, Judge.

{¶1}    Steven Upchurch appeals his convictions in the Lorain Municipal Court. For the following reasons, this Court affirms.

I.

{¶2}    According to Officer Robert Gnagy, he was heading westbound in a marked cruiser on East 28th Street in Lorain when he saw Mr. Upchurch pull out into the road in front of him, nearly colliding with a car travelling eastbound and cutting his own vehicle off. Although there were no collisions, Officer Gnagy stopped Mr. Upchurch for failing to yield and failing to use a turn signal. Following a trial to the bench, the municipal court found Mr. Upchurch guilty of the offenses and imposed a total of $125 in fines. Mr. Upchurch has appealed, assigning four errors. The State has not filed a responding brief.

## II.

### ASSIGNMENT OF ERROR I

NO ENUMERATION OF RIGHTS AT ARRAIGNMENT OR AT DEPOSITION I BELIEVE THE COURT HAS NEGLECTED OHIO TRAFFIC RULES : TRAF.R#(8) PARTS (1-5), OTHERWISE TRAF.R#(20) CARRY'S TO CRIM.R#(10) PART (C) & CRIM.R(15) ALSO RULE(I) OF LORAIN MUNICIPAL COURT. I BELIEVE THAT THOSE COME TOGETHER AS A VIOLATION OF STATUTORY RIGHTS IN OHIO CONSTITUTION SECTION(1)SUBSECTION(10) "COMPULSORY PROCESS TO PROCEDURE" A DENIAL OF DUE PROCESS[.]

{¶3} In his first assignment of error, Mr. Upchurch makes a series of arguments. According to Mr. Upchurch, his plea of not guilty incorrectly got changed to a plea of no contest. He also argues that his deposition was voided. He also argues that the municipal court failed to advise him of certain rights at an arraignment under Traffic Rule 8(D). He also argues that, if an attorney had been made available to him, he may have been able to put on a better defense. He further argues that the transcript of his bench trial omits a large part of his testimony.

{¶4} Upon review of the record, we note that it correctly indicates Mr. Upchurch's plea of not guilty as to both charged offenses. There is nothing in the record denoting that a deposition was ever scheduled let alone cancelled or "voided". Regarding Traffic Rule 8(D), it provides that the court must advise a defendant of certain rights before asking him to enter a plea at an arraignment. In this case, however, no arraignment was held. Although the municipal court initially scheduled an arraignment, Mr. Upchurch filed a letter with the court two weeks before it was set to occur indicating that he wished to plead not guilty. The municipal court, therefore, entered an order acknowledging Mr. Upchurch's not guilty plea and scheduled a trial to the bench on the charges. We note that, under Traffic Rule 8(A), a court shall arraign a defendant "[w]here practicable," implying that an arraignment is not required in every case. In addition, because the advisements listed in 8(D) are intended to help a defendant make an informed plea, but Mr.

Upchurch entered his plea before his arraignment occurred, we conclude that he has not demonstrated that he was prejudiced by the municipal court's failure to provide him an explanation of those rights. *See* Crim.R. 52(A) ("Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.").

{¶5} Regarding the availability of counsel, we note that, because all of Mr. Upchurch's charges were minor misdemeanors, for which he could not be sentenced to confinement, he did not have a Sixth Amendment right to counsel. *State v. Roth*, 9th Dist. Lorain No. 17CA011083, 2018-Ohio-2564, ¶ 39. Finally, if Mr. Upchurch believed that parts of the transcript were omitted, he could have prepared a statement of the evidence under Appellate Rule 9(C). Mr. Upchurch's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

UPON REQUESTING AUDIO/VIDEO OF PROCEEDING'S FOR APPELLATE REVIEW I WAS INFORMED THAT ALL VIDEO[,] INCLUDING OFFICER GNAGY'S DASH CAM VIDEO, WHICH WAS ADMITTED TO EVIDENCE AS AN EXHIBIT DURING BENCH TRIAL 4/11/2019 WAS DESTROYED… EVIDENCE DID NOT SURVIVE THE 39 DAYS * * * TILL NOTICE OF APPEAL WAS FILED. VIDEO'S ARE NOT AVAILABLE FOR APPELLATE REVIEW. I BELIEVE IT WAS EXCULPATORY FOR ME IN THIS APPEAL. A VIOLATION OF <u>O.R.C. (1901.41) CASE FILED RETENTION & DESTRUCTION.?</u> ALSO <u>DENIAL OF DUE PROCESS</u>.

{¶6} In his second assignment of error, Mr. Upchurch argues that some of the dash camera video footage of the traffic stop that was entered into evidence has been destroyed. Upon review of the record, however, we conclude that he is incorrect. At trial, the State introduced two videos. The first depicts the turn that led Officer Gnagy to stop Mr. Upchurch as well as the initial part of the traffic stop. The State began to play a second video, which it alleged would be a continuance of the traffic stop. The video that played, however, did not have a picture and had only the same audio as the first video. There was a break in the proceedings while the court

attempted to find someone to get the second video to work and it is unclear whether it was able to resolve the issue. The appellate record contains two video files. One depicts Mr. Upchurch's turn that led to the traffic stop and the initial parts of that stop. The other is a mostly blank screen with only the same audio as the other file. Thus, the first file appears to be the first video that was played during Officer Gnagy's testimony. The second file appears to be the second video that was played at trial because it is consistent with the descriptions of what the court and officer stated that they were seeing and hearing during that video. Upon review of the record, we conclude that Mr. Upchurch has not established that any evidence presented at trial has not been preserved. Furthermore, he did not prepare a statement of the evidence under Appellate Rule 9(C) that indicated what the alleged missing video contained. Mr. Upchurch's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

CHARGES CANNOT MAINTAIN CONVICTION WITH MANIFEST WEIGHT OF EVIDENCE. EV[I]DENCES FALL SHORT OF PROSECUTIONS OBLIGATION TO MEET PROOF BEYOND A REASONABLE DOUBT OUTLINED WITHIN O.R.C. 2901.04 & 2901.05 PARTS (A) & (E). CONCERNING ALL THREE CHARGES O.R.C. 4511.39, 4511.42, 4509.101. FURTHERMORE, TESTIMONY WITHIN THE PROVIDED TRANSCRIPTS OF PROCEEDINGS SHOWS THAT I WAS CONVICTED DESPITE THE PRESENCE OF REASONABLE DOUBT.

{¶7} In his third assignment of error, Mr. Upchurch argues that his convictions are against the manifest weight of the evidence. When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount

of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶8} Mr. Upchurch was convicted for failing to yield under Revised Code Section 4511.42(A) and for failing to use a turn signal under Section 4511.39(A). Section 4511.42(A) provides in relevant part that "[t]he operator of a vehicle * * * intending to turn to the left within an intersection * * * shall yield the right of way * * * whenever the approaching vehicle * * * is within the intersection or so close to the intersection * * * as to constitute an immediate hazard." Section 4511.39(A) provides in part that "[n]o person shall turn a vehicle * * * without giving an appropriate signal[.] * * * When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle * * * before turning."

{¶9} Regarding his conviction for failing to yield, Mr. Upchurch argues that the video and Officer Gnagy's testimony did not establish that there was an immediate hazard. He also argues that he did not cause damage to anyone and that the oncoming vehicles did not even slow their pace to avoid hitting him. Regarding his conviction for failing to use a turn signal, Mr. Upchurch argues that the officer did not check to see if his turn signal was working correctly and that he did not have a vantage point to see if he had his turn signal on before he made his turn. He also generally argues that Officer Gnagy was too fatigued for his observations to be accurate.

{¶10} Whether a vehicle constitutes an "immediate hazard" under Section 4511.42(A) must be judged based on the circumstances of each case. *State v. Alford*, 2d Dist. Montgomery No. 25715, 2013-Ohio-5045, ¶ 7. This Court has reviewed Officer Gnagy's dash camera footage

and concludes that it supports his assessment that Mr. Upchurch's left turn created an immediate hazard to the eastbound traffic whose paths he crossed as he turned into a westbound lane. Even if Officer Gnagy was experiencing fatigue, his observations about Mr. Gnagy's turn are corroborated by the video evidence.

{¶11} Regarding the turn signal offense, the video does not show the left turn signal of Mr. Upchurch's vehicle illuminating at any point during the turn. According to Officer Gnagy, if Mr. Upchurch had activated his turn signal before making the turn, it would have stayed activated until Mr. Upchurch corrected his steering wheel upon completing the turn. Mr. Upchurch testified that he does not push his turn signal down so far that it goes past the catch, which is what would keep it activated until he finishes a turn. We note, however, that "the credibility of the witnesses [is] primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Mr. Upchurch also has not directed this Court to any authority that he did not have to comply with the turn signal requirement if his signal was malfunctioning. To the contrary, Section 4511.39(A) indicates that a required signal "shall be given either by means of the hand and arm, or by signal lights * * *."

{¶12} Upon review of the record, we conclude that the municipal court did not lose its way when it found Mr. Upchurch guilty of the failure-to-yield and failure-to-use-a-turn-signal offenses. Mr. Upchurch's third assignment of error is overruled.

ASSIGNMENT OF ERROR IV

SEEMINGLY I WAS CHARGED & CONVICTED AT SENTENCING. A PLEA OF "NONE ENTERED ON CHARGE" ENTERED FOR ME. I MADE AN EFFORT TO BRING THIS TO THE TRIAL COURT'S ATTENTION I MOTIONED TO VACATE & MOTION WAS DENIED. I WAS BILLED $150 FOR FIL[ING] THE MOTION. ALSO CONVICTION CHARGE AND A FINE EXISTS WITHOUT ANY VIOLATION SHOWING AS EVIDENCE ON THE DOCKET.

{¶13} In his fourth assignment of error, Mr. Upchurch argues that he was improperly convicted of a third charge that is not enumerated on the citation he received or on the docket. He argues the offense is a violation of Section 4509.101(A)(1), which provides that "[n]o person shall operate * * * a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle[.]" According to Mr. Upchurch, the municipal court imposed two fees for the violation, which it mentioned only shortly before the conclusion of sentencing. Mr. Upchurch also questions whether the municipal court had personal jurisdiction over him, noting that he filed a motion to dismiss before trial.

{¶14} Section 4509.03(A) designates the registrar of motor vehicles as the entity to enforce Section 4509.101. Contrary to Mr. Upchurch's assertion, the municipal court did not convict him of a violation of Section 4509.101 or impose fees on him for a violation of that section. At sentencing, the court asked Mr. Upchurch whether he had insurance at the time of the offenses. When Mr. Upchurch replied that he did not, the court informed him that it would have to notify the Bureau of Motor Vehicles of that fact. The court's response is consistent with Section 4509.101(D)(4)(a), which directs the clerk of courts to "provide the registrar with the identity of any person who fails to submit proof of the maintenance of financial responsibility" in traffic ticket cases.

{¶15} Regarding the municipal court's personal jurisdiction over Mr. Upchurch, we note that he did not raise a jurisdiction issue in the municipal court. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, ¶ 10 (explaining that a defendant submits to personal jurisdiction by entering a plea of not guilty). Although Mr. Upchurch filed a motion to dismiss before trial, he only argued that there was insufficient evidence to convict him and that he could not be convicted unless he collided with another driver. Mr. Upchurch's fourth assignment of error is overruled.

8

## III.

{¶16} Mr. Upchurch's assignments of error are overruled. The judgment of the Lorain Municipal Court is affirmed.

Judgment affirmed.

―――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

STEVEN P. UPCHURCH, pro se, Appellant.

JEFFREY SZABO, Prosecuting Attorney, for Appellee.