[Cite as *State v. Helms*, 2023-Ohio-1875.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30455 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOEL A. HELMS | BARBERTON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 22 TRD 4391 |

DECISION AND JOURNAL ENTRY

Dated: June 7, 2023

HENSAL, Judge.

{¶1} Joel Helms appeals his conviction by the Barberton Municipal Court. This Court affirms.

I.

{¶2} Mr. Helms was cited for failure to yield the right of way when turning left after the car he was driving struck the driver's side door of a minivan. Following a bench trial, the trial court found Mr. Helms guilty and fined him $150. Mr. Helms appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

PHYSICAL EVIDENCE IS CONTRARY TO PROSECUTOR'S WISHES AND NOT SUFFICIENT FOR PROSECUTION.

{¶3} Mr. Helms' assignment of error appears to be that his conviction is contrary to the manifest weight of the evidence. This Court does not agree.

**{¶4}** When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

**{¶5}** Mr. Helms was convicted of failing to yield the right of way when making a lefthand turn, as prohibited by Revised Code Section 4511.42(A). That statute provides:

> The operator of a vehicle * * * intending to turn to the left within an intersection or into an alley, private road, or driveway shall yield the right of way to any vehicle * * * approaching from the opposite direction, whenever the approaching vehicle * * * is within the intersection or so close to the intersection, alley, private road, or driveway as to constitute an immediate hazard.

The "right of way," in this context, is "[t]he right of a vehicle * * * to proceed uninterruptedly in a lawful manner in the direction in which it * * * is moving in preference to another vehicle * * * approaching from a different direction into its * * * path." R.C. 4511.01(UU)(1).

**{¶6}** The other driver testified that at the time of the accident, she was driving north on Massillon Road when Mr. Helms, who was driving south, made a lefthand turn into the driver's side of her minivan. She emphasized that Mr. Helms did not turn in front of her but *into* her vehicle, striking it from the side. She testified that the accident caused her car to careen to the side of the road. The deputy sheriff who responded to the scene of the accident described his interactions with Mr. Helms at the scene, noting that Mr. Helms "stated that he turned left into a residential driveway off of Massillon Road and that he did not see the victim as he was turning into it."

{¶7} Mr. Helms also testified. He suggested that given the topography of the area and the speed of the other driver's vehicle, she had approximately ten seconds to react to the presence of his car. He also noted that he was turning left at a low speed and had come to a complete stop mid-turn partially in the other driver's lane of travel. Mr. Helms indicated that he was in that position for about five seconds, but he acknowledged that he was not looking at the roadway and that he did not see the other driver at any point. Mr. Helms speculated that the damage to the other driver's car was not caused by him, but by an evasive maneuver by the other driver that she did not remember.

{¶8} Mr. Helms has argued that the evidence does not support the conclusion that the other driver's vehicle was "so close to the * * * driveway as to constitute an immediate hazard[]" for purposes of Section 4511.52(A). The question of whether an "immediate hazard" exists turns on the facts of each case. *State v. Upchurch*, 9th Dist. Lorain No. 19CA011518, 2020-Ohio-4095, ¶ 10. The plain language of the statute also indicates that it is the position of the oncoming vehicle relative to the defendant—and not the *defendant's* position as perceived by the other driver—that determines whether an "immediate hazard" is present.

{¶9} According to Mr. Helms' own testimony, he was distracted while making a left-hand turn and brought his vehicle to a complete stop while located partially in the oncoming lane before completing the turn. He acknowledged that he was not looking at the road and that he never saw the other driver, who testified that he drove into the side of her vehicle. This evidence supports the conclusion that the other driver's vehicle was "so close to the * * * driveway as to constitute an immediate hazard[]" for purposes of Section 4511.52(A). Similarly, Mr. Helms appears to suggest that his conviction is against the manifest weight of the evidence because the other driver could have taken steps to avoid the collision. Ohio courts, however, "have held that failure to yield

is a strict liability offense, consistently rejecting excuses for failure to yield." *State v. Taylor*, 7th Dist. Mahoning No. 14 MA 5, 2015-Ohio-745, ¶ 16.

{**¶10**} Mr. Helms' conviction, therefore, is not contrary to the manifest weight of the evidence. His assignment of error is overruled.

III.

{**¶11**} Mr. Helms' assignment of error is overruled. The judgment of the Barberton Municipal Court is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Barberton Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

JOEL HELMS, pro se, Appellant.

LISA O. MILLER, Law Director, and JENNIFER A. ROBERTS, Prosecuting Attorney, for Appellee.